| | |
|---|---|
| 1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
|   |   A Limited Liability Partnership |
| 2 |   Including Professional Corporations |
|   | SAMANTHA C. GRANT, Cal. Bar No. 198130 |
| 3 | 1901 Avenue of the Stars, Suite 1600 |
|   | Los Angeles, California, 90067-6055 |
| 4 | Telephone:     310.228.3700 |
|   | Facsimile:      310.228.3701 |
| 5 | Email:           SGrant@sheppardmullin.com |
| 6 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP |
|   |   A Limited Liability Partnership |
| 7 |   Including Professional Corporations |
|   | BABAK YOUSEFZADEH, Cal. Bar No. 235974 |
| 8 | VICTORIA L. TALLMAN, Cal. Bar No. 273252 |
|   | Four Embarcadero, 17th Floor |
| 9 | San Francisco, California 94111 |
|   | Telephone:     415.434.9100 |
| 10 | Facsimile:      415.434.3947 |
|   | Email:           BYousefzadeh@sheppardmullin.com |
| 11 |                      VTallman@sheppardmullin.com |
| 12 | Attorneys for Defendant |
|   | TARGET CORPORATION |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEENA MONROE, individually, and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL OF CIVIL ACTION** |
| v. | (Removed from Sacramento Superior Court Case No. 34-2019-00266832-CU-OE-GDS) |
| TARGET CORPORATION, JOHNNY CAMACHO, and DOES 1 through 100, inclusive, | (CAFA Jurisdiction: 28 U.S.C. §§ 1332(d)(2), 1453) |
| Defendants. | (Civil Cover Sheet, Declarations of Victoria L. Tallman and Michael Brewer in Support of Removal, and Corporate Disclosure Statement filed concurrently herewith) |
| | [Complaint Filed: October 11, 2019] |

**TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF DEENA MONROE AND HER ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Defendant Target Corporation ("Defendant") hereby removes the matter of *Deena Monroe, individually and behalf of others similarly situated v. Target Corporation, Johnny Camacho, and Does 1-100, inclusive*, pending in the Superior Court of the State of California in and for the County of Sacramento, Case No. 34-2019-00266832-CU-OE-GDS, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332(a), 1453, and 1446(a). The removal is based on jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453, because minimum diversity exists and the amount in controversy exceeds $5,000,000. In support of this removal, Defendant states the following:

**I.   CLAIMS AND PROCEDURAL HISTORY**

1. On or about October 11, 2019, Plaintiff Deena Monroe ("Plaintiff") filed a Complaint in the Superior Court of California, County of Sacramento against Defendant, Case Number 34-2019-00266832-CU-OE-GDS ("Complaint"). Plaintiff served a copy of the Complaint, Summons, Civil Case Cover Sheet, and Notice of Case Assignment on Defendant on or about October 21, 2019. True and correct copies of the Complaint, Summons, Civil Case Cover Sheet, and Complaint to the Department of Fair Employment and Housing are attached to the Declaration of Victoria L. Tallman ("Tallman Declaration") as **Exhibits A-D**, respectively.

2. On November 19, 2019, Defendant timely filed and served an Answer to the Complaint in Sacramento Superior Court. A true and correct copy of Defendant's Answer is attached to the Tallman Declaration as **Exhibit E**.

3. On or about November 26, 2019, Plaintiff served a Notice of Case Management Conference and Order to Appear in the State Court Action, true and correct copies of which are attached to the Tallman Declaration as **Exhibit F**.

4. On October 21, 2019, the Sacramento Superior Court issued a Notice and Order of Complex Case Designation, a true and correct copy of which is attached as **Exhibit G** to the Tallman Declaration.

5. On December 30, 2019, Plaintiff filed the parties' Stipulation and [Proposed] Order seeking to allow Plaintiff to file a First Amended Complaint ("FAC") to include a claim under California's Private Attorneys General Act ("PAGA"), including as Exhibit A thereto, the proposed First Amended Complaint. A true and correct copy of the filed Stipulation (with exhibit) is attached as **Exhibit H** to the Tallman Declaration. On December 31, 2019, the Sacramento Superior Court granted the Order permitting Plaintiff to file her FAC. A true and correct copy of the Court's Order granting the Stipulation is attached as **Exhibit I** to the Tallman Declaration. Plaintiff filed and served the FAC on January 3, 2020. A true and correct copy of the FAC is attached as **Exhibit J** to the Tallman Declaration.

6. Plaintiff's FAC alleges multiple causes of action for: (1) failure to pay minimum and overtime wages; (2) failure to provide compliant meal periods and rest periods; (3) failure to furnish accurate itemized wage statements; (4) failure to timely pay final wages at termination; (5) unfair business practices; (6) sex discrimination; (7) false imprisonment; and (8) sexual harassment, all allegedly arising out of Plaintiff's employment with Defendant; as well as (9) penalties pursuant to the California Private Attorneys General Act (PAGA).

7. On January 6, 2020, Defendant filed its Answer to Plaintiff's FAC in Sacramento Superior Court. A true and correct copy of Defendant's Answer is attached to the Tallman Declaration as **Exhibit K**.

8. Exhibits A through K to the Tallman Declaration constitute true and correct copies of all process, pleadings, and orders in the State Court Action within the meaning of 28 U.S.C. § 1446(a).

## II.   JURISDICTION UNDER THE CLASS ACTION FAIRNESS ACT IS SATISFIED

9. The Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), codified, in relevant part, at 28 U.S.C. § 1332(d)(2). As set forth below, this action is removable under CAFA, as: (1) the proposed class contains at least 100 members; (2)

the defendant is not a state, state official or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is minimum diversity because diversity exists between at least one class member and one defendant.

10. Pursuant to *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) and 28 U.S.C. § 1446(a), Defendant is not required to submit evidence establishing jurisdictional facts with a notice of removal. Defendant is only required to submit a "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). A plausible allegation of the relevant jurisdictional facts is sufficient in a notice of removal. *Dart Cherokee*, 135 S.Ct. 547 at 554. Evidence is required only if Plaintiff contests, or the Court questions, Defendant's allegations. *Id.*

### A. Minimum Diversity Exists Here

11. CAFA's minimal diversity requirement is satisfied when any member of a class of plaintiffs is a citizen of a State different from any defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

12. For diversity purposes, a corporation is deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In *Hertz Corp. v. Friend*, 559 U.S. 77, 92-3 (2010), the Supreme Court clarified the definition of a corporation's "principal place of business" and concluded that that "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." The Supreme Court further clarified that, "in practice" the principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination." *Id.* at 93.

13. <u>Defendant's Citizenship</u>: Target Corporation is incorporated in the State of Minnesota with its principal place of business in the State of Minnesota. (Declaration of Michael Brewer in Support of Defendant's Notice of Removal ("Brewer Decl."), ¶¶2-3.) Target Corporation's corporate and executive officers are employed in Minnesota, the primary direction and control of corporate activities occur in Minnesota, and a majority of its administrative functions are conducted in Minnesota. (*Id.*) These facts were true at the time the Complaint was filed, and

remain true today at the time of removal to federal court. (*Id.*) Thus, Target Corporation is deemed a citizen of Minnesota for the purposes of removal.

14. <u>Plaintiff's Citizenship</u>: Defendant is informed and believes that Plaintiff is a citizen of the State of California within the meaning of 28 U.S.C. Section 1332(a). Allegations on information and belief as to citizenship are sufficient to support removal. *Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief."). Based on a review of Defendant's business records, Plaintiff was employed with Defendant in Sacramento, California from approximately August 5, 2019 through September 29, 2019. (Brewer Decl., ¶ 4.) Defendant's business records confirm that, during that time, Plaintiff resided in North Highlands, California. Plaintiff's FAC also alleges, and confirms, that she performed work for Defendant within the County of Sacramento. (FAC, ¶ 12.)

15. Because Plaintiff is a citizen of California and Defendant is a citizen of Minnesota, diversity under CAFA exists between at least one defendant and one putative class member; as such, the minimal diversity requirements of CAFA are satisfied. *See Broadway Grill, Inc. v. Visa, Inc.*, 856 F.3d 1274, 1276 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant. 28 U.S.C. § 1332(d)(2)(A).").

**B.     The Proposed Class Contains At Least 100 Members**

16. Plaintiff seeks to represent a class of all hourly, non-exempt persons employed by Defendant in California "at any time on or after October 11, 2015" ("Putative Class Members"). (FAC, ¶ 20.) Plaintiff's FAC alleges that "Defendant employed dozens of individuals in California in recent years…." (*Id.* ¶ 4.)

17. Since October 11, 2015, Defendant has employed approximately 273,817 Putative Class Members. (Brewer Decl., ¶ 7.) Of these, 194,557 of the Putative Class Members are no longer employed with Defendant. (*Id.*)

18. Accordingly, the putative class meets CAFA's requirement of a class containing at least 100 members.

### C.       The Amount in Controversy Exceeds $5,000,000

19. Pursuant to CAFA, the amount in controversy is satisfied when the aggregated claims of the individual members in a class action exceed the sum of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). A defendant is not obliged to "research, state, and prove the plaintiff's claims for damages." *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994). A defendant can establish the amount in controversy by setting forth a plausible allegation in the notice of removal that the amount placed in controversy by Plaintiff exceeds the jurisdictional minimum. *See Dart Cherokee*, 135 S. Ct. at 554 (holding that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and evidentiary submissions are required only if "the plaintiff contests, or the court questions, the defendant's allegations"). "In measuring the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury [will] return[] a verdict for the plaintiff on all claims made in the complaint.'" *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, at *3 (E.D. Cal. 2007) (original emphasis); *see also Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) ("In deciding the amount in controversy, the Court looks to what the plaintiff has alleged, not what the defendants will owe.").

20. Without making any admission of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiffs' substantive and class allegations, and without waiving any affirmative defenses, the alleged amount put in controversy by Plaintiff in this class action exceeds, in the aggregate, $5,000,000, as follows:

21. **Plaintiff's Fourth Cause of Action for Waiting Time Penalties**: The FAC alleges that Defendant failed to pay all wages owed to Putative Class Members at the time of separation from employment, and therefore seeks waiting time penalties equal to 30 days' wages for <u>each</u> such Putative Class Member, pursuant to Section 203 of the California Labor Code. (FAC, ¶¶ 61-65.)

22. During the class period, there are 194,557 Putative Class Members (as defined by Plaintiff's FAC) who are no longer employed by Defendant. (Brewer Decl., ¶ 7.) The *lowest* final

rate of pay of any former-employee Putative Class Member is $9.00 per hour. (*Id.*)  Generally, the shortest shift length for non-exempt employees in California is 3 hours.  Therefore, the amount Plaintiff has placed in controversy on behalf of herself and former Putative Class Members utilizing the lowest possible payrate and shortest shift length, in terms of alleged waiting time penalties *alone*, amounts to approximately $157,591,170 [$9.00 x 3 hours x 30 days x 194,557 Putative Class Members].  Despite using the most conservative numbers for performing the calculation, this sum is—by itself—more than 31 times the $5,000,000 amount in controversy requirement for CAFA jurisdiction.

23.  **Plaintiff's Second Cause of Action for Failure to Provide Meal and Rest Periods**: Plaintiff's FAC also seeks damages alleging that Defendant failed to provide compliant meal and rest breaks to Plaintiff and the putative class, and failed to compensate putative class members with one hour of pay for such violations.  (FAC, ¶¶ 43-53.)  California law requires employers to pay employees one additional hour of pay at the employee's regular rate of compensation for each workday in which the employer fails to provide a required meal or rest period. Cal. Labor Code § 226.7.  Even if each Putative Class Member had only one meal violation and one rest violation for the *whole class period*, with a putative class of 273,817, this would meet $5,000,000 amount in controversy requirement for CAFA jurisdiction.[1]

24.  **Plaintiff's Third Cause of Action for Wage Statement Penalties**:  The FAC also seeks damages for Defendant's alleged failure to provide accurate and itemized wage statements.  (FAC, ¶¶ 54-60.)  Specifically, Plaintiff alleges that "none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members."  (FAC, 59) (emphasis added.)  Penalties pursuant to California Labor Code

---

[1] As noted above, this is a very conservative approach as Defendant bases its calculations on below average rates of pay, and assumes only two violations for the whole class period, whereas Plaintiff alleges that Defendant "fail[ed] to consistently provide uninterrupted thirty-minute meal periods… each day and/or uninterrupted net ten-minute rest periods…." And that "Representative Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the one hour of compensation to any Class Member due to its violations…" (FAC, ¶¶ 50-51) (emphasis added.)  Plaintiff's allegations suggest she is seeking one meal period *and* one rest period violation per day per Putative Class Member, which would result in a much greater amount in controversy than the amount estimated by Defendant for purposes of this removal.

1  Section 226(e) are calculated at $50 for the initial pay period, and $100 per subsequent pay period,
2  up to a maximum of $4,000 per employee.  Putative Class Members were, and are, paid bi-weekly.
3  Since October 11, 2018, Defendant has employed approximately 143,181 Putative Class Members
4  (as defined in Plaintiff's FAC).  Assuming each Putative Class Member, who worked since October
5  11, 2018, received *only one* wage statement during the applicable period, the amount Plaintiff has
6  placed in controversy on this claim would exceed the $5,000,000 jurisdictional minimum for
7  CAFA.[2]  (Brewer Decl., ¶ 8.)

8  25.  **Attorneys' Fees:**  Through her FAC, Plaintiff also seeks to recover attorneys' fees.
9  (FAC, ¶¶ 28-30, 42, 53, 56, 60, 65, 76, 87, 96, and Prayer for Relief.)  Requests for attorneys' fees
10 should be taken into account in ascertaining the amount in controversy.  *See Galt G/S v. JSS*
11 *Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees are to be included in
12 amount in controversy, regardless of whether award is discretionary or mandatory).  Typically,
13 district courts use a 25% benchmark when calculating the attorney's fees in controversy, including
14 for claims arising under state law.  *Rodriguez v. Cleansource, Inc.*, 2014 WL 3818304, at *4 (S.D.
15 Cal. 2014); *Marshall v. G2 Secure Staff, LLC*, 2014 WL 3506608 (C.D. Cal. 2014); *Jasso v. Money*
16 *Mart Exp., Inc.*, 2012 WL 699465 (N.D. Cal. 2012); *see also Garibay v. Archstone Communities*
17 *LLC*, 539 F. App'x 763, 764 (9th Cir. 2013); *see also Laffitte v. Robert Half Internat. Inc.*, 1 Cal.
18 5th 480, 483 (2016) (approving percentage of recovery measure of fees in common fund cases).
19 Given the penalties discussed above, any award of attorneys' fees put in controversy would, by
20 itself, also exceed the $5,000,000 CAFA jurisdictional threshold.

21 26.  Based on the foregoing, Defendant alleges that the amount placed in controversy by
22 Plaintiff's class claims at the time of this removal (exclusive of interest and costs) easily exceeds
23 $5,000,000, based on Plaintiff's allegations, Defendant's records, and reasonable assumptions.  As

---

[2] The Statute of Limitations applicable to claims for wage statement penalties is one year pursuant to California Code of Civil Procedure Section 340(a).  The Complaint was filed on October 11, 2019.  Therefore, the commencement of the statute of limitations for this cause of action is October 11, 2018.

such, the amount in controversy necessary to support federal jurisdiction under the CAFA has been established.

27.     In setting forth these calculations, Defendant does not admit that Plaintiff or any Putative Class Member is owed any additional wages, or that Defendant is liable to Plaintiff or Putative Class Members in any amount or for any relief.

### D.     None of the CAFA Exceptions Apply

28.     The CAFA statute includes a number of exceptions to its grant of original jurisdiction, contained in 28 U.S.C. §§ 1332(d)(3)-(5).  However, none of these exceptions are applicable here.

29.     The first is a discretionary exception, under which a Court may decline to exercise jurisdiction if more than one-third of the putative class members are citizens of the state in which the action was filed and the primary defendant is a resident of that state.  *See* 28 U.S.C. § 1332(d)(3).  Here, the action was originally filed in California and, as noted above, Target Corporation, which is the employer and primary defendant in this action, is not a citizen of California (but rather Minnesota).  Thus, this exception does not apply.

30.     Next, 28 U.S.C. § 1332(d)(4) contains two further exceptions based on the number of putative class members in the state in which the action was filed.  However, these exceptions, too, only apply where all *primary* defendants, or at least one defendant whose alleged conduct *forms a significant basis for the claims asserted by the <u>proposed plaintiff class</u>*, is a "citizen of the State in which the action was originally filed." See 28 U.S.C. §§ 1332(d)(4)(A)(i)(II) and 1332(d)(4)(B).  Here, Plaintiff added an individual defendant, Johnny Camacho, who she alleges had supervisory responsibilities under Plaintiff during her employment, which she alleges occurred within the County of Sacramento.  (FAC, ¶¶ 16, and 12.)  However, only Plaintiff's individual claims are alleged against Mr. Camacho.  (FAC ¶¶ 70-96).  The only defendant against whom the *class claims* are raised is Target Corporation.  (FAC, ¶¶ 38-69).  Given that this action was originally filed in California, and that Target Corporation—the employer and only defendant whose alleged conduct forms a significant basis for the class claims—is not a California citizen, these exceptions also do not apply.

31. Finally, 28 U.S.C. § 1332(d)(5) presents two additional exceptions for defendants who are government entities, or putative classes which number less than 100 in the aggregate. *See* 28 U.S.C. §§ 1332(d)(5)(A)-(B). Given that no defendant is a governmental entity, and that the putative class consists of over one-hundred thousand individuals, these exceptions also do not apply.

### III.   TIMELINESS OF REMOVAL

32. Under 28 U.S.C. § 1446(b), there are "two thirty-day windows during which a case may be removed – during the first thirty days after the defendant receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). The Ninth Circuit has made clear that, when a complaint is "indeterminate," a defendant is under no duty to investigate the facts showing the basis for removal, and the first 28 U.S.C. § 1446(b) thirty-day window does not begin to run. *Id*. at 692-695. "[T]he ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." This reasoning was more recently confirmed in *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013): "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation and then file a notice of removal within thirty days of receiving the indeterminate document."

33. A complaint is "indeterminate" when "it is unclear from the complaint whether the case is removable, *i.e.,* the [jurisdiction facts are] unstated or ambiguous." *Harris*, 425 F.3d at 693. Here, Plaintiff's Complaint does not affirmatively allege or otherwise state that the amount in controversy exceeds $5,000,000. Further, it is not discernable from the face of the Complaint or FAC that more than $5,000,000 was placed in controversy. There is nothing in the Complaint or FAC specifically setting forth the alleged legal violations, the number of times the violations allegedly occurred, the number of people allegedly affected, or the applicable rates. (*See generally* Complaint and FAC.) Rather, the Complaint and FAC simply demand damages and other remedies in an unstated amount. (*See* Complaint and FAC, respectively, at Prayer For Relief.)

34. As of the date of this filing, the parties have not exchanged any subsequent papers determinative of the jurisdictional amount in controversy in this matter. Where neither the initial pleading nor "other paper" discloses the grounds for removal, a defendant may remove at any time after it independently learns of the facts supporting removal jurisdiction. *Roth*, 720 F.3d at 1125. Defendant, based on its investigation and internal records, has since been able to determine that the amount in controversy based on the allegations in Plaintiff's FAC, well exceeds the $5,000,000.00 threshold. Thus, like in *Roth*, the facts alleged in this notice support that removal is both proper and timely.

## IV.  VENUE

35. Venue lies in the Eastern District of California, pursuant to 28 U.S.C. §§ 1441, 1446(a), and 84(b), because this action originally was brought in the Superior Court of the State of California, County of Sacramento.

## V.  NOTICE TO PLAINTIFFS AND STATE COURT

36. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and thereafter a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Sacramento, as required by 28 U.S.C. § 1446(d).

## VI.  RESERVATION OF RIGHTS

37. This Notice of Removal is filed subject to and with full reservation of all rights, including but not limited to defenses and objections to venue, improper service, and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case, and all defenses, motions, and pleas are expressly reserved.

WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Superior Court of California, County of Sacramento, to this Court and Defendant prays that it be so removed.

1  Dated: January 7, 2020

2                 SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

3

4         By         /s/ *Victoria L. Tallman*

5                 SAMANTHA C. GRANT
                BABAK YOUSEFZADEH

6                 VICTORIA L. TALLMAN

7                 Attorneys for Defendant
                TARGET CORPORATION