1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
2        Including Professional Corporations
   SAMANTHA C. GRANT, Cal. Bar No. 198130
3  1901 Avenue of the Stars, Suite 1600
   Los Angeles, California, 90067-6055
4  Telephone:    310.228.3700
   Facsimile:    310.228.3701
5  Email:        SGrant@sheppardmullin.com

6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
       A Limited Liability Partnership
7        Including Professional Corporations
   BABAK YOUSEFZADEH, Cal. Bar No. 235974
8  VICTORIA L. TALLMAN, Cal. Bar No. 273252
   Four Embarcadero, 17th Floor
9  San Francisco, California 94111
   Telephone:    415.434.9100
10 Facsimile:    415.434.3947
   Email:        BYousefzadeh@sheppardmullin.com
11                VTallman@sheppardmullin.com

12 Attorneys for Defendant
   TARGET CORPORATION

13

14

15              UNITED STATES DISTRICT COURT

16              EASTERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| 18  DEENA MONROE, individually, and on behalf of all others similarly situated, | Case No. _____ |
| 19                        Plaintiff, | **DECLARATION OF VICTORIA L. TALLMAN IN SUPPORT OF REMOVAL** |
| 20          v. | (Removed from Sacramento Superior Court Case No. 34-2019-00266832-CU-OE-GDS) |
| 21  TARGET CORPORATION, JOHNNY CAMACHO, and DOES 1 through 100, inclusive, | (CAFA Jurisdiction: 28 U.S.C. §§ 1332(d)(2), 1453) |
| 22                        Defendants. | (Notice of Removal, Civil Cover Sheet, Declaration of Michael Brewer in Support of Removal, and Corporate Disclosure Statement filed concurrently herewith) |
| 26 | [Complaint Filed: October 11, 2019] |

27

28

I, Victoria L. Tallman, declare as follows:

1.      I am an attorney duly admitted to practice before this Court.  I am an Associate in the law firm of Sheppard, Mullin, Richter & Hampton LLP, attorneys of record for defendant Target Corporation ("Target").  I submit this declaration in support of Target's Notice of Removal.  I have personal knowledge of the following facts and, if called and sworn as a witness, could and would testify competently thereto.

2.      Attached hereto as **Exhibit A** is a true and correct copy of the Complaint served on Target on October 11, 2019 in the action entitled *Deena Monroe, individually and behalf of others similarly situated v. Target Corporation, Johnny Camacho, and Does 1-100, inclusive*, Case No. 34-2019-00266832-CU-OE-GDS, in the Superior Court of the State of California for the County of Sacramento (the "State Court Action").

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Summons served upon Target on October 21, 2019 in the State Court Action.

4.      Attached hereto as **Exhibit C** is a true and correct copy of the Civil Case Cover Sheet served upon Target on October 21, 2019 in the State Court Action.

5.      Attached hereto as **Exhibit D** is a true and correct copy of the Complaint filed with the Department of Fair Employment and Housing served upon Target on October 21, 2019, concurrently with the Summons, Complaint and Civil Case Cover Sheet in the State Court Action.

6.      Attached hereto as **Exhibit E** is a true and correct copy of the Answer Target filed and served on October 19, 2019 in the State Court Action.

7.      Attached hereto as **Exhibit F** is a true and correct copy of the Notice of Case Management Conference and Order to Appear served on November 26, 2019 in the State Court Action.

8.      Attached hereto as **Exhibit G** is a true and correct copy of Court's October 21, 2019 Notice and Order of Complex Case Designation, in the State Court Action.

-1-

9.     Attached here to as **Exhibit H** is a true and correct copy of the parties Stipulation and [Proposed] Order re: Filing of Plaintiff's First Amended Complaint, which Plaintiff filed in the State Court Action on December 30, 2019.

10.     Attached hereto as **Exhibit I** is a true and correct copy of the Sacramento Superior Court's December 31, 2019 Order granting the Parties' Stipulation to permit Plaintiff to file her First Amended Complaint in the State Court Action.

11.     Plaintiff filed and served her First Amended Complaint on January 3, 2020. Attached hereto as **Exhibit J** is a true and correct copy of Plaintiff's First Amended Complaint.

12.     Attached hereto as **Exhibit K** is a true and correct copy of Defendant's Answer to Plaintiff's First Amended Complaint, filed in the State Court Action on January 6, 2020.

13.     Exhibits A through K constitute true and correct copies of all process, pleadings, and orders in the State Court Action within the meaning of 28 U.S.C. § 1446(a), and are incorporated herein by this reference.

Executed on this 7th day of January, 2020, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California and United States of America that the foregoing is true and correct.

*/s/ Victoria L. Tallman*
VICTORIA L. TALLMAN

# EXHIBIT A

FILED/ENDORSED

OCT 1 1 2019

By: _____
      K. Cadena
      Deputy Clerk

1    Scott Edward Cole, Esq. (S.B. #160744)
     Laura Grace Van Note, Esq. (S.B. #310160)
2    Andrew Weaver, Esq. (S.B. #318935)
     **SCOTT COLE & ASSOCIATES, APC**
3    555 12th Street, Suite 1725
     Oakland, California 94607
4    Telephone: (510) 891-9800
     Facsimile:  (510) 891-7030
5    Email:  scole@scalaw.com
     Email:  lvannote@scalaw.com
6    Email:  aweaver@scalaw.com
     Web:  www.scalaw.com
7
     Attorneys for Representative Plaintiff
8    and the Plaintiff Class

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   IN AND FOR THE COUNTY OF SACRAMENTO

11

12   DEENA MONROE, individually, and on        Case No.   **34-2019-00266832**
     behalf of all others similarly situated,
13                                              **INDIVIDUAL AND CLASS ACTION**
                        Plaintiff,
14                                              **COMPLAINT FOR DAMAGES, INJUNCTIVE**
     vs.                                        **RELIEF AND RESTITUTION**
15
     TARGET CORPORATION, JOHNNY
16   CAMACHO, and DOES 1 through 100,
     inclusive,
17                                              [JURY TRIAL DEMANDED]
                        Defendant.
18

19
     Representative Plaintiff alleges as follows:
20
                               **INTRODUCTION**
21
22       1.    This is an individual and class action seeking unpaid regular and overtime wages,

23   including unpaid compensation for meal and/or rest period violations, interest thereon, liquidated

24   damages and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees

25   and costs under, *inter alia*, California Labor Code §§ 98.6, 200-204, inclusive, 201.3, 218, 218.5,

26   218.6, 226, 226.3, 226.7, 226.8, 256, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1198, 1199,

27   2802, 2810.5, California Business and Professions Code §§ 17200, *et seq.* and California Code of

28   Civil Procedure § 1021.5. Plaintiff Deena Monroe ("Representative Plaintiff") brings this action
     on behalf of herself and all other persons similarly situated ("Class Members" and/or the "Plaintiff

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

BY FAX

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  Class") who are or have been employed by defendant Target Corporation ("Defendant") as non-

2  exempt employees within the State of California within the applicable class period. Representative

3  Plaintiff also brings claims as an individual against one of her managers, Johnny Camacho

4  ("Defendant Camacho"). Target Corporation and Johnny Camacho will be referred to, collectively,

5  as "Defendants".

6      2.    For the class allegations, the period is designated as the time from October 11, 2015

7  through trial, based upon the allegation that the violations of California's wage and hour laws, as

8  described more fully below, have been ongoing throughout that time.

9      3.    During the class period, Defendant has had a consistent policy of (1) unlawfully

10  denying Representative Plaintiff and Class Members statutorily-mandated meal and rest periods,

11  (2) willfully failing to provide Representative Plaintiff and Class Members with accurate

12  semimonthly itemized wage statements reflecting the total number of hours each worked, the

13  applicable deductions, and the applicable hourly rates in effect during the pay period and (3)

14  willfully failing to pay compensation in a prompt and timely manner to Representative Plaintiff

15  and those Class Members whose employment with Defendant has terminated.

16      4.    Defendant operates a chain of retail stores within California for which

17  Representative Plaintiff worked as a non-exempt employee. The Representative Plaintiff is

18  informed and believes and, on that basis, alleges that, within the Class Period, Defendant employed

19  dozens of individuals in California in recent years to work in its stores, employment positions

20  which did not, and currently do not, meet any known test for exemption from the payment of

21  overtime wages and/or the entitlement to meal or rest periods.

22      5.    Despite actual knowledge of these facts and legal mandates, Defendant has and

23  continues to enjoy an advantage over its competition and a resultant disadvantage to its workers

24  by electing not to pay all wages due (missed meal and rest period compensation) and/or all

25  penalties due (including "waiting time" penalties) to its California based non-exempt employees.

26      6.    Representative Plaintiff is informed and believes and, based thereon, alleges that

27  Defendant's officers knew of these facts and legal mandates yet, nonetheless, repeatedly

28  authorized and/or ratified the violation of the laws cited herein.

7.      Despite Defendant's knowledge of Class Members' entitlement to meal and/or rest periods for all applicable work periods, Defendant failed to provide the same to Class Members, in violation of California state statutes, the applicable California Industrial Welfare Commission Wage Order, and Title 8 of the California Code of Regulations.

8.      This action is brought to redress and end this prolonged pattern of unlawful conduct once and for all.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over the Representative Plaintiff's and Class Members' claims for unpaid wages, expenses and/or penalties under, *inter alia*, the applicable Industrial Welfare Commission Wage Order, Title 8 of the California Code of Regulations, various sections of the California Labor Code, and/or the California Code of Civil Procedure § 1021.5.

10.      Additionally, this Court has jurisdiction over the Representative Plaintiff's and Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from Defendant's unfair and/or fraudulent business practices under California Business & Professions Code § 17200, *et seq.*

11.      Finally, this Court has jurisdiction over the Representative Plaintiff's individual claims for damages and penalties.

12.      Venue as to Defendant is proper in this judicial district pursuant to California Code of Civil Procedure § 395(a). Defendant owns and operates a chain of retail stores with locations within the County of Sacramento (where Representative Plaintiff and numerous Class Members worked), transacts business, has agents, and is otherwise within this Court's jurisdiction for purposes of service of process. The unlawful acts alleged herein have and have had a direct effect on Representative Plaintiff and those similarly situated within the State of California and within the County of Sacramento.

## PLAINTIFF

13.      Representative Plaintiff Deena Monroe is a natural person who was employed by Defendant as a non-exempt worker during the Class Period.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

14.    In these capacities, Representative Plaintiff is and was entitled to full, uninterrupted and statutorily-mandated meal and rest periods, as well as other benefits of employment as set forth herein.

## DEFENDANTS

15.    Representative Plaintiff is informed and believes and, based thereon, alleges that, at all times herein relevant, defendant Target Corporation did business within the State of California operating a chain of retail stores.

16.    Defendant Camacho was employed by Target Corporation as a manager, with supervisory responsibilities over Representative Plaintiff throughout her employment.

17.    Those defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Representative Plaintiff is informed and believes and, on that basis, alleges that at all relevant times herein mentioned, Target Corporation and those identified as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of the Representative Plaintiff and Class Members within the State of California.

18.    The Representative Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by such fictitious names. The Representative Plaintiff will seek leave of court to amend this Complaint when such names are ascertained. The Representative Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that the Representative Plaintiff's and Class Members' damages, as herein alleged, were proximately caused thereby.

19.    Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL (510) 891-9800

## CLASS ACTION ALLEGATIONS

20.     The Representative Plaintiff brings this action on behalf of herself and as a class action on behalf of all persons similarly situated and proximately damaged by Defendant's conduct including, but not necessarily limited to, the following Plaintiff Class:

> "All persons employed by Defendant as a non-exempt employee in California at any time on or after October 11, 2015"

21.     Defendant's officers and directors are excluded from the Plaintiff Class.

22.     This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

    a.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that there are sufficient Class Members to meet the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Defendant.

    b.    Commonality: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

        1)    Whether Defendant violated California Business and Professions Code § 17200, et seq. by failing to provide meal and/or rest breaks to Class Members working eligible shifts;

        2)    Whether Defendant violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

        3)    Whether Defendant violated California Labor Code §§ 201-204 by failing to pay wages due and owing at the time that certain Class Members' employment with Defendant terminated;

        4)    Whether Defendant violated California Labor Code § 226 by failing to provide semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period; and

        5)    Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code § 203.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

c.    Typicality: The Representative Plaintiff's claims are typical of the claims of Class Members. The Representative Plaintiff and Class Members sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d.    Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that the Representative Plaintiff's claims are typical of those of the Plaintiff Class and the Representative Plaintiff has the same interest in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

e.    Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

23.    As described herein, for years, Defendant has knowingly failed to adequately compensate those employees within the class definition identified above for all wages earned (including premium wages such as compensation for missed meal and/or rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby enjoying a significant competitive edge over other service providers.

24.    Defendant has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of California Labor Code §§ 201 and/or 202.

25.    California Labor Code §§ 201 and 202 require Defendant to pay severed employees all wages due and owed to the employee immediately upon discharge or within 72 hours of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    resignation of their positions, in most circumstances. California Labor Code § 203 provides that

2    an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the

3    subject employees' wages until the back wages are paid in full or an action is commenced, and the

4    payment of such penalty shall continue for a period of time up to 30 days.

5        26.    Furthermore, despite its knowledge of the Representative Plaintiff's and the Class

6    Members' entitlement to compensation for all hours worked, Defendant violated California Labor

7    Code § 1174(d) by failing to provide or require the use, maintenance, or submission of time records

8    by members of the Plaintiff Class. Defendant also failed to provide the Representative Plaintiff

9    and Class Members with accurate semimonthly itemized statements of the total number of hours

10   worked by each, and all applicable hourly rates in effect, during the pay period, in violation of

11   California Labor Code § 226. In failing to provide the required documents, Defendant has not only

12   failed to pay its workers the full amount of compensation due, but the company has also, until now,

13   effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial

14   impact of its wrongdoing that such documents might otherwise have led workers to discover.

15       27.    Representative Plaintiff and all persons similarly situated are entitled to unpaid

16   compensation, yet, to date, have not received such compensation despite many of the same having

17   been terminated by and/or resigned from Defendant's employ. More than 30 days have passed

18   since certain Class Members have left Defendant's employ.

19       28.    As a consequence of Defendant's willful conduct in not paying former employees

20   compensation for all hours worked in a prompt and timely manner, certain Class Members are

21   entitled to up to 30 days wages as a penalty under California Labor Code § 203, together with

22   attorneys' fees and costs.

23       29.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

24   herein, Representative Plaintiff and Class Members have sustained damages, as described above,

25   including compensation for loss of earnings for hours worked on behalf of Defendant, in an amount

26   to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct,

27   as set forth herein, certain Class Members are entitled to recover "waiting time" penalties (pursuant

28   to California Labor Code § 203) and penalties for failure to provide semimonthly statements of

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an

2  amount to be established at trial. As a further direct and proximate result of Defendant's unlawful

3  conduct, as set forth herein, Representative Plaintiff and Class Members are also entitled to recover

4  costs and attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, among other

5  authorities.

6      30.    Representative Plaintiff seeks injunctive relief prohibiting Defendant from

7  engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiff

8  also seeks restitution of costs incurred by Representative Plaintiff and Class Members under

9  California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will

10  continue unchecked, while Representative Plaintiff and Class Members bear the financial brunt of

11  Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful

12  conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also entitled to

13  recover costs and attorneys' fees, pursuant to statute.

14                          **INDIVIDUAL FACTUAL ALLEGATIONS**

15      31.    Additionally, Defendant and Defendant Camacho discriminated against and

16  harassed Representative Plaintiff based on her sex. Throughout Representative Plaintiff's

17  employment, Representative Plaintiff was subjected to unwanted harassing conduct including

18  disparaging remarks based on Representative Plaintiff's gender, and unwanted touching and, on

19  one occasion, being locked in a closet by and with one of her managers (Defendant Camacho) and

20  prevented from leaving. The unwanted harassing conduct was so severe and pervasive that any

21  reasonable person would have found the work environment hostile and/or abusive. Representative

22  Plaintiff found the work environment hostile and abusive.

23      32.    The unwanted harassing conduct was engaged in and/or endorsed by

24  Representative Plaintiff's supervisors, including managers Doug ("DJ") (last name unknown) and

25  Johnny Camacho and the Defendant.

26      33.    Defendant's managers DJ and Defendant Camacho repeatedly made numerous

27  inappropriate comments to the Representative Plaintiff and other female employees regarding sex.

28  Defendant's managers repeatedly made offensive sexual innuendos regarding Representative

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  Plaintiff, directly toward her and also to other female employees, especially young females (who

2  are also members of the putative class).

3      34.    Defendant's managers also engaged in unwanted touching of the Representative

4  Plaintiff and other female employees.

5      35.    Defendant was on notice of this unwanted harassing conduct and tolerated the

6  behavior by members of management against female employees, including Representative

7  Plaintiff. Rather than attempt to stop the unwanted harassing conduct from occurring, Defendant

8  endorsed and ratified the behavior.

9      36.    This harassment and the Defendant's endorsement thereof created a hostile work

10  environment which caused Representative Plaintiff serious emotional hardship. Representative

11  Plaintiff was embarrassed and suffered emotional harm because of this treatment.

12      37.    Prior to filing this Complaint, Representative Plaintiff filed a Complaint against

13  Defendants with the California Department of Fair Employment and Housing ("DFEH"), pursuant

14  to California Government Code § 12960, *et seq.*, alleging the claims set forth in this Complaint.

15  On October 4, 2019 the DFEH issued a "right-to-sue" notice related to Defendant. A subsequent

16  "right-to-sue" notice was issued on October 8, 2019 related to Defendant Camacho. All conditions

17  precedent to the initiation of this lawsuit have been fulfilled. This action is filed within one year

18  of the date the DFEH issued its right to sue letter.

19                    **FIRST CAUSE OF ACTION**
                  **UNLAWFUL FAILURE TO PAY WAGES**
20  **(California Labor Code §§ 200-204, 510, 558, 1194, and 1198; IWC Wage Order)**
                  **(Against Defendant Target Corporation)**
21

22      38.    Representative Plaintiff incorporates in this cause of action each and every

23  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

24  herein.

25      39.    During the limitations period, Representative Plaintiff performed work for

26  Defendant. The number of hours will be proven at trial.

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Complaint for Damages, Injunctive Relief and Restitution

1    40.    During the limitations period, Defendant refused to compensate Representative

2  Plaintiff for all of the wages earned, in violation of the applicable IWC Wage Order and provisions

3  of the California Labor Code.

4    41.    Defendant's conduct, as heretofore detailed, represents underpayment of wages

5  pursuant to California Labor Code § 558 for which Representative Plaintiff seeks damages and/or

6  penalties according to proof.

7    42.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

8  herein, Representative Plaintiff has sustained damages, including loss of earnings for hours worked

9  on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate

10  result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff is entitled to

11  recover penalties in amounts to be established at trial, as well as attorneys' fees and costs, and

12  restitution, pursuant to statute.

13                          **SECOND CAUSE OF ACTION**
                **FAILURE TO PROVIDE MEAL AND REST PERIODS**
14                  **(California Labor Code §§ 226.7 and 512)**
                    **(Against Defendant Target Corporation)**
15

16    43.    Representative Plaintiff incorporates in this cause of action each and every

17  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

18  herein.

19    44.    At all relevant times, Defendant was aware of and were under a duty to comply

20  with California Labor Code § 226.7 and §512.

21    45.    California Labor Code § 226.7 provides:

22          (a)    No employer shall require any employee to work during any
23    meal or rest period mandated by an applicable order of the Industrial
      Welfare Commission.

24          (b)    If an employer fails to provide an employee a meal period or
25    rest period in accordance with an applicable order of the Industrial
      Welfare Commission, the employer shall pay the employee one
26    additional hour of pay at the employee's regular rate of
      compensation for each work day that the meal or rest period is not
27    provided.

28    46.    Moreover, California Labor Code § 512(a) provides:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

> An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

47. Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that employers provide all applicable meal and/or rest periods to non-exempt (including exempt-misclassified) employees.

48. Section 11 of the applicable IWC Wage Order provides:

> (A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...
>
> (B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...
>
> (C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

49. Moreover, Section 12 of the applicable IWC Wage Order provides:

> (A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....
>
> (B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

50. By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to

1    Representative Plaintiff and Class Members, Defendant violated the California Labor Code and

2    applicable IWC Wage Order provisions.

3        51.    Representative Plaintiff is informed and believes and, on that basis, alleges that

4    Defendant has never paid the one hour of compensation to any Class Member due to its violations

5    of the California Labor Code and applicable IWC Wage Order provisions.

6        52.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

7    herein, Representative Plaintiff and Class Members have sustained damages, including lost

8    compensation resulting from missed meal and/or rest periods, in an amount to be established at

9    trial.

10       53.    As a further direct and proximate result of Defendant's unlawful conduct, as set

11   forth herein, certain Class Members are entitled to recover other penalties, in amounts to be

12   established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**
**(Against Defendant Target Corporation)**

16       54.    Representative Plaintiff incorporates in this cause of action each and every

17   allegation of the preceding paragraphs, with the same force and effect as though fully set forth

18   herein.

19       55.    California Labor Code § 226(a) provides:

20           Each employer shall semimonthly, or at the time of each payment of
21           wages, furnish each of his or her employees either as a detachable
             part of the check, draft or voucher paying the employee's wages, or
22           separately when wages are paid by personal check or cash, an
             itemized wage statement in writing showing: (1) gross wages
23           earned; (2) total number of hours worked by each employee whose
             compensation is based on an hourly wage; (3) all deductions,
24           provided that all deductions made on written orders of the employee
             may be aggregated and shown as one item; (4) net wages earned; (5)
25           the inclusive date of the period for which the employee is paid; (6)
             the name of the employee and his or her social security number; and
26           (7) the name and address of the legal entity which is the employer.

27       56.    Moreover, California Labor Code § 226(e) provides:

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

57.    Finally, California Labor Code § 1174(d) provides:

Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

58.    Representative Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions on behalf of herself and on behalf of all Class Members.

59.    Defendant has failed to provide timely, accurate itemized wage statements to the Representative Plaintiff and Class Members in accordance with California Labor Code § 226. Representative Plaintiff is informed and believes and, on that basis, alleges that none of the statements provided by Defendant accurately reflected actual gross wages earned, net wages earned, or the appropriate deductions of such Class Members.

60.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Representative Plaintiff and Class Members have sustained damages in an amount to be established at trial and are entitled to recover attorneys' fees and costs of suit.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY WAGES ON TERMINATION
### (California Labor Code § 203)
### (Against Defendant Target Corporation)

61.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

62.    California Labor Code § 203 provides that:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

63.    Numerous Class Members were employed by Defendant during the class period and were thereafter terminated or resigned from their positions, yet they were not paid all premium (overtime) wages due upon said termination or within 72 hours of said resignation of employment therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by Defendant.

64.    More than 30 days have elapsed since certain Class Members were involuntarily terminated or voluntarily resigned from Defendant's employ.

65.    As a direct and proximate result of Defendant's willful conduct in failing to pay said Class Members for all hours worked, affected Class Members are entitled to recover "waiting time" penalties of up to thirty days' wages pursuant to California Labor Code § 203 in an amount to be established at trial, together with interest thereon, and attorneys' fees and costs.

### FIFTH CAUSE OF ACTION
### UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT
#### (California Business & Professions Code §§ 17200-17208)
#### (Against Defendant Target Corporation)

66.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

67.    Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

68.    Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    69.    Defendant has clearly established a policy of accepting a certain amount of

2    collateral damage, as represented by the damages to the Representative Plaintiff and to Class

3    Members herein alleged, as incidental to its business operations, rather than accept the alternative

4    costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its

5    responsible competitors and as set forth in legislation and the judicial record.

6                          **SIXTH CAUSE OF ACTION**
     **DISCRIMINATION BASED UPON SEX IN VIOLATION OF THE**
7    **CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
     **(California Government Code §§ 12940, *et seq.*)**
8                          **(Against All Defendants)**

9    70.    Representative Plaintiff incorporates in this cause of action each and every

10   allegation of the preceding paragraphs, with the same force and effect as though fully set forth

11   herein.

12   71.    Representative Plaintiff brings this action on behalf of herself in her individual

13   capacity exclusively, and not on behalf of any other employees.

14   72.    At all relevant times, Government Code § 12940, subdivision (a), was in full force

15   and effect, and was binding on Defendants. This section prohibited Defendants from

16   discriminating against an employee on the basis of sex as those terms are defined in Government

17   Code § 12926(r). Within the time provided by law, Representative Plaintiff filed a Complaint with

18   the California Department of Fair Employment and Housing and federal Equal Employment

19   Opportunity Commission, and has received right-to-sue letters therefrom.

20   73.    Defendants violated Government Code § 12940, subdivision (a), in numerous

21   respects, including but not necessarily limited to, discriminating against Representative Plaintiff

22   because of her sex. Such conduct resulted in damage and injury to Representative Plaintiff, as

23   alleged herein.

24   74.    As a proximate result of Defendants' willful, knowing and intentional conduct,

25   Representative Plaintiff has sustained and continued to sustain losses in earnings and other

26   employment benefits.

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

75. As a further proximate result of Defendants' willful, knowing and intentional conduct, Representative Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental anguish, all to her damage in a sum according to proof.

76. Representative Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Representative Plaintiff is presently unaware of the precise amount of such expenses and fees and prays leave of court to amend this Complaint when those amounts are more fully known.

77. Defendant committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Representative Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Representative Plaintiff's rights. Because the acts taken toward Representative Plaintiff were carried out by Defendants acting in a despicable, deliberate, callous and intentional manner in order to injure and damage Representative Plaintiff, she is entitled to recover punitive damages in an amount according to proof.

## SEVENTH CAUSE OF ACTION
## FALSE IMPRISONMENT IN VIOLATION OF PENAL CODE SECTION 236
### (Against Individual Defendant Johnny Camacho)

78. Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

79. Representative Plaintiff brings this action on behalf of herself in her individual capacity exclusively, and not on behalf of any other employees.

80. Defendant Johnny Camacho violated California Penal Code Section 236 by wrongfully confining Representative Plaintiff and unlawfully violated the personal liberty of Representative Plaintiff.

81. Defendant Johnny Camacho intentionally deprived Representative Plaintiff of her freedom of movement by use of physical barriers, force, threats of force, menace, fraud, deceit, and/or unreasonable duress.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

82.    The restraint described herein compelled Representative Plaintiff to stay confined for an appreciable amount of time.

83.    Representative Plaintiff did not knowingly or voluntarily consent to the restraint.

84.    Representative Plaintiff was actually harmed and Defendant Johnny Camacho's conduct was a substantial factor in causing Representative Plaintiff's harm.

85.    As a proximate result of Defendant Camacho's willful, knowing and intentional conduct, Representative Plaintiff has sustained and continued to sustain damages, including but not limited to losses in earnings and other employment benefits.

86.    As a further proximate result of Defendant Camacho's willful, knowing and intentional conduct, Representative Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental anguish, all to her damage in a sum according to proof.

87.    Representative Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Representative Plaintiff is presently unaware of the precise amount of such expenses and fees and prays leave of court to amend this Complaint when those amounts are more fully known.

88.    Defendant Camacho committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Representative Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Representative Plaintiff's rights. Because the acts taken toward Representative Plaintiff were carried out by Defendant Camacho acting in a despicable, deliberate, callous and intentional manner in order to injure and damage Representative Plaintiff, she is entitled to recover punitive damages in an amount according to proof.

### EIGHTH CAUSE OF ACTION
### HARASSMENT UNDER GOVERNMENT CODE SECTIONS 12940 (I) AND (J)
### (Against All Defendants)

89.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

90.    At all times herein mentioned, FEHA, Government Code Section 12940, was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from sexually harassing their employees. Within the time provided by law, Representative Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

91.    As identified herein, during Representative Plaintiff's employment with Defendants, Defendants engaged in actions that constituted sexual harassment of Representative Plaintiff. These actions created a hostile working environment for Representative Plaintiff.

92.    All of these actions were taken against Representative Plaintiff's will and desire and over her protests. These acts of misconduct occurred between August and October of 2019, when Representative Plaintiff's employment with Defendants was constructively terminated. Defendants took no action to prevent the sexual harassment of Representative Plaintiff.

93.    As a proximate result of Defendants' willful, knowing, and intentional sexual harassment of Representative Plaintiff, Representative Plaintiff has sustained and continues to sustain damages, including losses of earnings and benefits, according to proof.

94.    As a proximate result of Defendants' willful, knowing, and intentional sexual harassment of Representative Plaintiff, Representative Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

95.    Defendants' sexual harassment was done intentionally, in a malicious, oppressive, fraudulent manner, entitling Representative Plaintiff to punitive damages.

96.    Representative Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Representative Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are known.

### RELIEF SOUGHT

**WHEREFORE, the Representative Plaintiff**, on behalf of herself and the proposed Plaintiff Class, prays for judgment and the following specific relief against Defendants as follows:

1.    That the Court declare, adjudge, and decree that this action is a proper class action and certify the proposed Class and/or any other appropriate subclasses under California Code of Civil Procedure § 382;

2.    That the Court declare, adjudge, and decree that Defendants willfully violated their legal duties to pay all wages due under the California Labor Code and the applicable California Industrial Welfare Commission Wage Orders;

3.    That the Court make an award to the Representative Plaintiff and the Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

4.    That the Court make an award to the Representative Plaintiff and the Class Members of one hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

5.    That the Court Order Defendants to pay restitution to the Representative Plaintiff and the Class Members due to Defendants' unlawful activities, pursuant to California Business and Professions Code §§ 17200-17208;

6.    That the Court further enjoin Defendants, ordering them to cease and desist from unlawful activities in violation of California Business and Professions Code § 17200, *et seq.*

7.    For all other Orders, findings and determinations identified and sought in this Complaint;

8.    For punitive damages in an amount to be determined at trial;

9.    For interest on the amount of any and all economic losses, at the prevailing legal rate;

10.    That the Court make an award to Representative Plaintiff of penalties, pursuant to California Labor Code §§ 203, 226, 558, and 1174.5, in an amount to be proven at trial;

11.    For reasonable attorneys' fees, pursuant to California Code of Civil Procedure § 1021.5 and other statutes; and

12.    For costs of suit and any and all such other relief as the Court deems just and proper.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1

## JURY DEMAND

2    Representative Plaintiff, on behalf of herself and the Plaintiff Class, hereby demands a trial

3    by jury.

4

5    Dated: October 11, 2019                    SCOTT COLE & ASSOCIATES, APC

6

7                                    By: _Laura Van Note_

8                                    Laura Van Note, Esq.
                                     Attorneys for Representative Plaintiff
9                                    and the Plaintiff Class

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT B

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

TARGET CORPORATION, JOHNNY CAMACHO, and DOES 1
through 100, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DEENA MONROE, individually, and on behalf of all others similarly
situated.



FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED/ENDORSED

OCT 1 1 2019

By: ___K. Cadena___
Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Sacramento

CASE NUMBER:
*(Número del Caso):* **34-20 1 9 - 0 0 2 6 6 8 3 2**

720 9th Street
Sacramento, CA 95814

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Laura Van Note, Esq. 555 12th Street, Suite 1725, Oakland, CA 94607, (510) 891-9800

| DATE: 10/11/2019 **OCT 1 1 2019** *(Fecha)* | Clerk, by *(Secretario)* **K. CADENA** | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Target Corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
       ☒ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/21/19

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

BY FAX

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Laura Van Note, Esq. (S.B.# 160744)<br>Scott Cole & Associates, APC<br>555 12th Street, Suite 1725<br>Oakland, CA 94607<br>TELEPHONE NO.: (510) 891-9800     FAX NO.: (510) 891-7030<br>ATTORNEY FOR (Name): | FOR COURT USE ONLY |
| --- | --- |

FILE ~~/ENDORSED~~

OCT 11 2019

By: K. Cadena
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Sacramento
STREET ADDRESS: 720 9th Street
MAILING ADDRESS:
CITY AND ZIP CODE: Sacramento, CA 95814
BRANCH NAME:

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: 34-2019-00266832 |
| --- | --- | --- | --- |
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
| --- | --- | --- |
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [✓] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [✓] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✓] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
         issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary   b.[✓] nonmonetary; declaratory or injunctive relief   c.[✓] punitive
4. Number of causes of action (specify): 8
5. This case [✓] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/11/19

Laura Van Note, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
| --- | --- | --- |

BY FAX

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
  Property Damage/Wrongful Death)
  Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice—
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach—Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ—Administrative Mandamus
    Writ—Mandamus on Limited Court
      Case Matter
    Writ—Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal—Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
  Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
      case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

# EXHIBIT D

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
· 2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 4, 2019

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201910-07814204
      Right to Sue: Monroe / Target Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Deena Monroe                                DFEH No. 201910-07814204

                    Complainant,

vs.

Target Corporation
818 West Seventh St, Ste. 930
Los Angeles, California 90017

                    Respondents

1. Respondent **Target Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Deena Monroe**, resides in the City of **Oakland** State of **California**.

3. Complainant alleges that on or about **October 1, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, sexual harassment- hostile environment.

**Complainant was discriminated against** because of complainant's sex/gender, sexual harassment- hostile environment and as a result of the discrimination was terminated, forced to quit, denied any employment benefit or privilege.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment and as a result was terminated, forced to quit.

**Additional Complaint Details:** Sexual harassment and hostile work environment.

-1-
*Complaint – DFEH No. 201910-07814204*

Date Filed: October 4, 2019

VERIFICATION

I, **Laura Van Note**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On October 4, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Oakland, California**

-2-
*Complaint – DFEH No. 201910-07814204*

Date Filed: October 4, 2019

# EXHIBIT E

1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
2  Including Professional Corporations
   SAMANTHA C. GRANT, Cal. Bar No. 198130
3  1901 Avenue of the Stars, Suite 1600
   Los Angeles, California, 90067-6055
4  Telephone:    310.228.3700
   Facsimile:    310.228.3701
5  Email:        SGrant@sheppardmullin.com

6  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
7  Including Professional Corporations
   BABAK YOUSEFZADEH, Cal. Bar No. 235974
8  VICTORIA L. TALLMAN, Cal. Bar No. 273252
   Four Embarcadero, 17th Floor
9  San Francisco, California 94111
   Telephone:    415.434.9100
10 Facsimile:    415.434.3947
   Email:        BYousefzadeh@sheppardmullin.com
11               VTallman@sheppardmullin.com

12 Attorneys for Defendant
   TARGET CORPORATION

13

14        IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

15             IN AND FOR THE COUNTY OF SACRAMENTO

16

17 DEENA MONROE, individually, and on        Case No. 34-2019-00266832-CU-OE-GDS
   behalf of all others similarly situated,
18                                           **DEFENDANT TARGET
                Plaintiff,                    CORPORATION'S ANSWER TO
19                                            PLAINTIFF DEENA MONROE'S
         v.                                   COMPLAINT FOR DAMAGES**
20
   TARGET CORPORATION, JOHNNY
21 CAMACHO, and DOES 1 through 100,          Complaint Filed:  October 11, 2019
   inclusive,
22
                Defendants.
23

24

25

26

27

28

FILED/ENDORSED
NOV 19 2019
By: K. Spichka
Deputy Clerk

BY FAX

Defendant Target Corporation ("Defendant") submits this Answer to the allegations contained in the unverified Complaint of Plaintiff Deena Monroe ("Plaintiff"), as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, both generally and specifically, each and every allegation in the Complaint, and specifically denies that Plaintiff has been, is, or will be damaged in the amount alleged, or in any manner or sum whatsoever, or entitled to any recovery or remedy of any type whatsoever, by reason of any of Defendant's acts, conduct, or omissions.

## SEPARATE AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that any of the following are in fact defenses upon which Defendant has any burden of proof as opposed to denials of matters as to which Plaintiff has the burden of proof, or that Defendant has any burden of proof at all, Defendant hereby asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2.     The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including but not limited to those set forth in Code of Civil Procedure sections 335.1, 338(a), 339, 340(a)-(c), and 343, Government Code sections 12960 and 12965(b), and California Business & Professions Code Section 17208.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

3.     The Complaint, and each purported cause of action therein, is barred in whole or in part to the extent that Plaintiff failed to timely and completely exhaust her requisite administrative, internal, or contractual remedies available to her under the California Fair Employment and

-2-

Housing Act, California Labor Code, or any other provisions of law or contract, prior to commencing this action.

**FOURTH AFFIRMATIVE DEFENSE**

(Claims Not Made in an Administrative Charge)

4.     To the extent that Plaintiff asserts claims in her Complaint that were not made the subject of a timely complaint filed with the Department of Fair Employment and Housing ("DFEH") as required by Government Code sections 12960, 12965 and 12945.2, the Court lacks jurisdiction with respect to these claims.

**FIFTH AFFIRMATIVE DEFENSE**

(Lack of Authorization, Ratification, Acts Outside Scope of Employment)

5.     The Complaint, and each purported cause of action therein, is barred in whole or in part because Defendant did not authorize, direct, or participate in any alleged wrongful conduct. Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in whole or in part because Defendant did not aid, abet, or counsel or encourage the alleged act(s).  If Defendant's employees or any of them committed the acts alleged in the Complaint, although such is not admitted hereby or herein, such acts were committed outside the scope of their employment and not by agents of Defendant, and thus, Defendant is not liable for such acts.

**SIXTH AFFIRMATIVE DEFENSE**

(Estoppel)

6.     The Complaint, and each purported cause of action therein, is barred in whole or in part because Plaintiff, by her conduct, or as to each putative class members, by their conduct, is estopped from recovery of any relief against Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

(Waiver)

7.     The Complaint, and each purported cause of action therein, is barred in whole or in part because Plaintiff, and/or each member of the putative class, has waived any right to recover any relief by the Complaint, or any purported cause of action alleged therein.

-3-                    Case No. 34-2019-00266832-CU-OE-GDS

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF
DEENA MONROE'S COMPLAINT FOR DAMAGES

1
2

**EIGHTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

3      8.     The Complaint, and each purported cause of action therein, is barred in whole or in

4    part by the doctrine of unclean hands.

5

**NINTH AFFIRMATIVE DEFENSE**

6

(Laches)

7      9.     The Complaint, and each purported cause of action therein, is barred in whole or in

8    part by the doctrine of laches.

9

**TENTH AFFIRMATIVE DEFENSE**

10

(Acquiescence / Consent)

11      10.     The Complaint, and each purported cause of action therein, is barred in whole or in

12    part because Plaintiff, and/or each member of the putative class, ratified, acquiesced, or consented

13    to the alleged conduct about which is now complained.

14

**ELEVENTH AFFIRMATIVE DEFENSE**

15

(Justification)

16      11.     Any acts alleged to have been committed by Defendant were committed in the

17    exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon

18    legitimate factors, and were reasonable and justified under the circumstances. At all times

19    relevant, Defendant acted with honesty of purpose and without any improper motive, purpose or

20    means, and without any hatred, ill will, malice, or intent to injure.

21

**TWELFTH AFFIRMATIVE DEFENSE**

22

(After-Acquired Evidence)

23      12.     Defendant is informed and believes, and based thereon alleges, that Plaintiff is

24    barred, or individual members of the putative class are barred, in part or in total, from recovery of

25    any damages based upon the doctrine of after-acquired evidence.

26    \\

27    \\

28    \\

-4-                    Case No. 34-2019-00266832-CU-OE-GDS

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF
DEENA MONROE'S COMPLAINT FOR DAMAGES

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate/Avoidable Consequences)

13.    The Complaint, and each purported cause of action therein, is barred in whole or in part under the doctrine of avoidable consequences and/or because Plaintiff failed to take reasonable steps to mitigate her alleged damages.  If Defendant did subject Plaintiff to any wrongful or unlawful conduct resulting in any damages, although such is not admitted herein, Plaintiff had a duty to mitigate any damages, failed to do so, and, as such, Plaintiff's recovery is barred or must be reduced or offset accordingly.  *See State Dept. of Health Servs. V. Sup. Ct. (McGinnis)* (2003) 31 Cal. 4th 1026, 1043.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Take Advantage of Preventative / Corrective Opportunities)

14.    Defendant exercised reasonable care to prevent and to correct any unlawfully harassing, discriminatory, and/or retaliatory workplace conduct allegedly experienced by Plaintiff. Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's claims are barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Setoff, Offset, Recoupment)

15.    Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are subject to setoff, offset, recoupment.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

16.    Defendant alleges Plaintiff and/or the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

17.    The Complaint, and each purported cause of action alleged therein, is barred by California Labor Code section 2922.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Punitive/Exemplary Damages Unconstitutional – Excessive Fines)

18.     Plaintiff's claims for punitive and/or exemplary damages is unconstitutional because it violates the excessive fines clause of the Eighth Amendment to the Constitution of the United States and/or Section 17 of Article I of the Constitution of the State of California.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Punitive / Exemplary Damages – Decisions Contrary to Organizational Policies)

19.     Plaintiff may not recover punitive damages for alleged discriminatory or retaliatory decisions, if any, to the extent that those decisions are contrary to the written policies that Defendant instituted against wrongful conduct.

**TWENTIETH AFFIRMATIVE DEFENSE**

(Prejudgment Interest)

20.     Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Detrimental Reliance)

21.     Defendant alleges that Plaintiff is barred from recovering any relief on the Complaint or any purported cause of action alleged therein because Defendant relied on representations made by Plaintiff in taking actions alleged in the Complaint and/or Defendant took such actions, if any, because Plaintiff failed to notify Defendant of necessary information and/or deliberately prevented Defendant from acquiring knowledge of such information.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

(Fault of Plaintiff/Third Parties)

22.     Any injury or damage allegedly suffered by Plaintiff and/or putative class members was caused or contributed to by the negligence, fault, bad faith, breach of contract or other wrongful or tortious conduct of Plaintiff and/or persons or entities other than Defendant, and such conduct offsets, eliminates or comparatively reduces the liability, if any, of Defendant.

-6-

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Res Judicata, Bar and Merger, Settlement/Release)

23.     Defendant alleges that the causes of action set forth in the Complaint and in each of the purported causes of action alleged therein are subject to settlement/release agreements, and/or decisions of other class actions, which constitute a complete or partial bar to the present action, and/or are subject to the doctrine of res judicata.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Collateral Estoppel)

24.     The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part by the doctrine of collateral estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Bona Fide Dispute)

25.     Defendant alleges there exists a *bona fide* dispute as to whether any further compensation and/or expenses are actually due to Plaintiff and/or the putative class members, or alleged aggrieved employees, and, if so, the amount thereof.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Labor Code § 203 – No Willful or Intentional Violation)

26.     Defendant alleges that, it has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or the putative class members within the meaning and scope of California Labor Code section 203.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Labor Code § 226 – No Intentional Failure)

27.     Defendant alleges that, even assuming *arguendo* Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Labor Code § 226 – Clerical Error/Inadvertent Mistake)

28.     Defendant alleges that, even assuming *arguendo* Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members, or other aggrieved employees, are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was the result of a clerical error or inadvertent mistake.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Violation of Due Process)

29.     Defendant alleges that certification of a class as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.  Defendant further alleges that the penalties Plaintiff demands are excessive and violate Defendant's due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

(Unconstitutional Wage Order)

30.     Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Failure by Plaintiff to Follow Directions)

31.     Defendant alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that any failure to comply with Defendant's work-time recording polices and requirements, was the result of failure by Plaintiff and/or the putative class members to follow Defendant's reasonable instructions.

-8-

## THIRTY-SECOND AFFIRMATIVE DEFENSE

(Bad Faith)

32.    Defendant alleges that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and her attorneys.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

(Breach of Duty)

33.    Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims, and those of any putative class members, are barred by her or their own breach of the duties owed to Defendant under California Labor Code section 2854, 2856, 2857, 2858 and/or 2859.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

(Uncertainty)

34.    Defendant alleges that the complaint, and the claims asserted therein, are uncertain.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

(*De Minimis* Activities)

35.    Defendant alleges that the complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because Defendant's acts or omissions, if any, and the alleged time involved and/or damages are *de minimis*.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

(Legitimate, Non-Discriminatory, Non-Retaliatory Reasons)

36.    The Complaint, and each purported cause of action therein, is barred in whole or in part because Defendant did not engage in the conduct attributed to it by Plaintiff.  However, if it is determined that the conduct alleged is legally attributable to Defendant, then Defendant alleges that the conduct was not unlawful inasmuch as the conduct was reasonably and properly based on legitimate business reasons and non-discriminatory and non-retaliatory factors.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

37.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to assert each or any purported cause of action alleged in the Complaint and lacks standing to represent the putative class.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Actual Injuries)

38.     Defendant alleges that the Complaint, and each cause of action contained therein, is barred, in whole or in part, because Plaintiff has not, and putative class members have not, suffered any actual injury by reason of any of Defendant's acts, conduct, or omissions as alleged in the Complaint.

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend the Answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Target Corporation prays for judgment as follows:

1.     That Plaintiff take nothing by reason of the Complaint;

2.     That Plaintiff's Complaint be dismissed in its entirety, with prejudice, in favor of Defendant;

3.     That Defendant be awarded its costs of suit and reasonable attorneys' fees to the extent provided by law; and,

//

//

//

//

//

//

1      4.      That the Court order such other and further relief in favor of Defendant as the Court

2  deems just and proper.

3

4  Dated: November 19, 2019          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

5

6                                    By
                                         SAMANTHA C. GRANT
7                                        BABAK YOUSEFZADEH
                                         VICTORIA L. TALLMAN
8
                                         Attorneys for Defendant
9                                        TARGET CORPORATION

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMRH:4836-5782-5708.4          DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF
                               DEENA MONROE'S COMPLAINT FOR DAMAGES

1

# PROOF OF SERVICE

2       At the time of service, I was over 18 years of age and not a party to this action.  I
am employed in the County of San Francisco, State of California.  My business address is
3  Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

4       On November 19, 2019, I served (a) true copy(ies) of the following document(s)
described as **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF**
5  **DEENA MONROE'S COMPLAINT FOR DAMAGES** on the interested parties in this
action as follows:

6

7  Scott Edward Cole, Esq.
Laura Grace Van Note, Esq.
8  Andrew Weaver, Esq.
SCOTT COLE & ASSOCIATES, APC
9  555 12th Street, Suite 1725
Oakland, CA  94607
10  T: (510) 891-9800
F: (510) 891-7030
11  E-mail:       scole@scalaw.com
                 lvannote@scalaw.com
12                aweaver@scalaw.com

13  *Attorneys for Plaintiff*

14       **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed
to the persons at the addresses listed in the Service List and placed the envelope for
15  collection and mailing, following our ordinary business practices.  I am readily familiar
with the firm's practice for collecting and processing correspondence for mailing.  On the
16  same day that correspondence is placed for collection and mailing, it is deposited in the
ordinary course of business with the United States Postal Service, in a sealed envelope
17  with postage fully prepaid.  I am a resident or employed in the county where the mailing
occurred.

18

19       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

20

21       Executed on November 19, 2019, at San Francisco, California.

22

23

24                                        Sarah Smith

25

26

27

28

-1-                          Case No. 34-2019-00266832-CU-OE-GDS

PROOF OF SERVICE

# EXHIBIT F

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 720 Ninth STREET <br> MAILING ADDRESS: 720 Ninth STREET <br> CITY AND ZIPCODE: Sacramento, CA 95814-1311 <br> BRANCH NAME: Gordon D Schaber Courthouse <br> PHONE NUMBER: (916) 874-5522 | |

| SHORT TITLE:    Monroe vs. Target Corporation | |
|---|---|

| **NOTICE OF CASE MANAGEMENT CONFERENCE** <br> **AND ORDER TO APPEAR** | CASE NUMBER: <br> 34-2019-00266832-CU-OE-GDS |
|---|---|

**Hearing Date**

The above entitled action has been set for a case management conference at 08:30 AM on 05/07/2020 in Department 39 in accordance with California Rules of Court 212. You must be familiar with the case and fully prepared to participate effectively in the case management conference.

**Case Management Statement**

All parties must file and serve a case management statement at least 15 calendar days before the case management conference. Parties are encouraged to file a single joint case management statement.

**Minimum Requirements**
Prior to the filing of the case management statement, the parties should have done the following:
  -Served all parties named in the complaint within 60 days after the summons has been issued
  -Ensured that all defendants and cross-defendants have answered, been dismissed, or had their defaults entered
  -Met and conferred with all parties as required by CRC 212 (f) to discuss and resolve issues set forth therein.

**Tentative Ruling**
Following its review of the case management statement(s), the court may determine that a case management conference is not necessary.
To determine whether an appearance is required, the parties must check the court's tentative rulings after 2:00 p.m. on the Court day before the Thursday calendar by accessing the court's internet website at www.saccourt.ca.gov

**Case Management Orders**
At the case management conference, the court will consider whether the case should be ordered to judicial arbitration or referred to other forms of Alternative Dispute Resolution. Whether or not a case management conference is held, the court will issue a case management order shortly after the scheduled conference date.

**Service of Case Management Notice**
Unless otherwise ordered by the court, plaintiff shall serve a copy of this notice on any party to the complaint appearing after the court issued this notice. The cross-complainant shall have the same obligation with respect to the cross-complaint.

**Certification Filed in Lieu of Case Management Statement**
If parties in the action file a certification on a form provided by the court at least 15 calendar days prior to the date of the case management conference that the case is short cause (five hours or less of trial time), that the pleading stage is complete and that the case will be ready for trial within 60 days, the case will be exempted from any further case management requirements and will be set for trial within 60-120 days. The certification shall be filed in lieu of a case management statement.

---

**Compliance**
Failure to comply with this notice or to appear at the case management conference may result in the imposition of sanctions (including dismissal of the case, striking of the answer, or payment of money).

**Continuances**
Case management conference will not be continued except on a showing of good cause. If your case management conference is continued on motion or by the court on its own motion all parties shall file and serve a new case management statement at least 15 calendar days before the continued case management conference.

Dated: 11/05/2019

_David W. Abbott_

David W. Abbott, Judge of the Superior Court

---

**NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720  Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Monroe vs. Target Corporation

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER:<br>**34-2019-00266832-CU-OE-GDS** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 11/06/2019.

Clerk of the Court, by: _____ /s/ J. Houston _____ , Deputy

LAURA VAN NOTE
555  12TH STREET # 1725
OAKLAND, CA  94607 US

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

Scott Edward Cole, Esq. (S.B. #160744)
Laura Van Note, Esq. (S.B. #310160)
**SCOTT COLE & ASSOCIATES, APC**
555 12th Street, Suite 1725
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:  scole@scalaw.com
Email:  lvannote@scalaw.com
Web:   www.scalaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| DEENA MONROE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, JOHNNY CAMACHO, and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 34-2019-00266832<br><br>**INDIVIDUAL AND CLASS ACTION**<br><br>**PROOF OF SERVICE**<br><br>**Date:**  5/07/2020<br>**Time:**  8:30 A.M.<br>**Dept:**  39<br>**Judge:**  HON. DAVID W. ABBOTT |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**PROOF OF SERVICE**

I am over 18 years of age, not a party to the above-captioned action, am employed by the law firm of Scott Cole & Associates, APC, 555 12th St., Suite 1725, Oakland, California 94607.

On this date, I served a copy of:

- **NOTICE OF CASE MANAGEMENT CONFERENCE AND ORDER TO APPEAR**

| | |
|---|---|
| X | By depositing the document(s) with the United States Postal Service, with postage fully prepaid, addressed as indicated below, in the same day in the ordinary course of business. |
| | By transmitting via facsimile, the document(s) listed above to the fax number(s) below on this date before 5:00 p.m. PST. |
| | By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent this day for delivery. |
| | By personally delivering the document(s) to the person(s) at the address(es) below. |
| | By transmitting via e-mail the document(s) to the person(s) at the e-mail address(es) below. |
| | By electronically filing with the Clerk of the Court using the CM/ECF System which will automatically generate a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3). |
| | By uploading the document(s) to the third-party document management/service company, court-approved for purposes of this litigation. |

on the following person(s):

Samantha C. Grant
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
1901 Avenue of the Stars, Suite 1600
Los Angeles, CA 90067

Babak, Yousefzadeh
Victoria L. Tallman
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero, 17th Floor
San Francisco, CA 94111

I declare under penalty of perjury under the laws of the United States and the State of California the foregoing is true and correct. Executed in Oakland, California on November 26, 2019.

*Leslie Irwin*
Leslie Irwin

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL (510) 891-9800

# EXHIBIT G



**Superior Court of California, County of Sacramento**
720 Ninth Street Sacramento, CA 95814-1380 (916)
874-5522—Website www.saccourt.ca.gov

**NOTICE AND ORDER OF COMPLEX CASE DETERMINATION**

Case Title: _Monroe vs. Target_          Case Number: _2019-266832_

Having reviewed and considered the pleadings on file, the court orders:

☐    **THE CASE IS DEEMED COMPLEX** and assigned to the Honorable _____

presiding in Department _____ for case management pursuant to 3.750, et seq. of the California Rules of Court.

**This action involves one or more of the following:**

☐ Antitrust or trade regulation claims.                    ☐ Claims involving mass torts.

☐ Construction defect claims involving many                ☐ Claims involving class actions.
parties or structures.

☐ Securities claims or investment losses                   ☐ Insurance coverage claims arising out of any of the
involving many parties.                                     claims listed above.

☐ Environmental or toxic tort claims involving
many parties.

**The action is likely to involve:**

☐ Numerous pretrial motions raising                        ☐ Coordination with related actions pending in
difficult or novel legal issues that will                  one or more courts in other counties, states, or
be time-consuming to resolve.                              countries, or in a federal court.

☐ Management of a large number of                          ☐ Substantial post judgment judicial supervision.
witnesses or a substantial amount of
documentary evidence.

☐ Management of a large number of                          ☐ Other:_____
separately represented parties.

Government Code section 70616 establishes the fees for complex cases. Pursuant to Government Code section 70616, any non-exempt party who has appeared in this action, but who has not paid the required complex case fee, is ordered to pay the fee to the clerk within ten calendar days of the filing of this order. Failure to pay the required fees shall have the same effect as the failure to pay a filing fee, and shall be subject to the same enforcement and penalties. (Cal. Gov. Code § 70616(g).)

☒    **THE CASE IS DECLARED NOT COMPLEX.**

Any complex case fees that the parties have previously paid pursuant to 70616(a) or (b) shall be reimbursed upon submission of a refund request together with a copy of this minute order by the paying party to the Court's Civil General Civil Processing Unit. It may be submitted by mail or placed in one of the Civil Drop Boxes located in Room 102 and the lobby of the Gordon D. Schaber Courthouse at 720 9th Street, Sacramento CA 95814.

The plaintiff is directed to serve all other parties with a copy of this order.

Date: _10-21-19_                     Signed _____

Presiding Judge of the Superior Court
of California, County of Sacramento

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SACRAMENTO**

Gordon D Schaber Courthouse
720  Ninth STREET
Sacramento, CA 95814-1311

**SHORT TITLE:** Monroe vs. Target Corporation

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
|---|---|
| | **34-2019-00266832-CU-OE-GDS** |

I certify that I am not a party to this cause. I certify that a true copy of NOTICE AND ORDER OF COMPLEX CASE DETERMINATION was mailed following standard court practices in a sealed envelope with postage fully prepaid, addressed as indicated below. The mailing and this certification occurred at Sacramento, California, on 10/22/2019.

Clerk of the Court, by: _/s/ P. Banks_____ , Deputy

LAURA VAN NOTE
555  12TH STREET # 1725
OAKLAND,  CA  94607 US

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 1

Code of Civil Procedure , § CCP1013(a)

# EXHIBIT H

Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
**SCOTT COLE & ASSOCIATES, APC**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email: scole@scalaw.com
Email: lvannote@scalaw.com
Web: www.scalaw.com

Attorneys for Representative Plaintiff,
the Plaintiff Class, and Aggrieved Employees

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
SAMANTHA C. GRANT, Cal. Bar No. 198130
BABAK YOUSEFZADEH, Cal. Bar No. 235974
VICTORIA L. TALLMAN, Cal. Bar No. 273252
Four Embarcadero, 17th Floor
San Francisco, California 94111
Telephone:    415.434.9100
Facsimile:    415.434.3947
Email:       BYousefzadeh@sheppardmullin.com
             VTallman@sheppardmullin.com

Attorneys for Defendant
TARGET CORPORATION

**IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SACRAMENTO**

| | |
|---|---|
| DEENA MONROE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION, JOHNNY CAMACHO, and DOES 1 through 100, inclusive,<br><br>Defendant. | Case No. 34-2019-00266832<br><br>**INDIVIDUAL AND CLASS ACTION**<br><br>**STIPULATION AND [PROPOSED] ORDER RE: FILING OF PLAINTIFF'S FIRST AMENDED COMPLAINT** |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12th STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

BY FAX

-1-



1    The parties, Plaintiff Deena Monroe ("Plaintiff"), and Defendant Target Corporation

2    ("Defendant"), acting through their respective counsel of record, hereby stipulate as follows:

3    **WHEREAS,** on October 7, 2019, pursuant to Labor Code section 2699.3, Plaintiff gave

4    notice to Defendants and to the Labor and Workforce Development Agency ("LWDA") of

5    alleged Labor Code violations committed by Defendant;

6    **WHEREAS,** Plaintiff filed her Complaint on October 11, 2019, asserting causes of

7    action on behalf or herself and the class of non-exempt employees she seeks to represent for (1)

8    unlawful failure to pay wages, (2) failure to provide meal and rest periods, (3) failure to provide

9    accurate itemized wage statements, (4) failure to pay wages on termination, and (5) unfair

10   business practices under the unfair competition act, and for individual causes of action on behalf

11   of herself only for (6) discrimination based upon sex in violation of the California Fair

12   Employment and Housing Act, (7) false imprisonment in violation of Penal Code Section 236,

13   and (8) harassment under Government Code Sections 12940 (I) and (J);

14   **WHEREAS,** more than 65 days have passed since Plaintiff gave the aforementioned

15   notice and the LWDA has failed to respond to Plaintiff's notice in any way (*see* Cal. Lab. Code §

16   2699.3(a)(2)(A));

17   **WHEREAS,** Plaintiff seeks to amend her Complaint to include a Private Attorneys

18   General Act ("PAGA") cause of action;

19   **WHEREAS,** Plaintiff has drafted a proposed First Amended Complaint, attached hereto

20   as Exhibit "A," which includes a PAGA cause of action. In all other material respects, Plaintiff's

21   proposed First Amended Complaint is substantively the same as the previously filed operative

22   Complaint;

23   **IT IS THEREFORE STIPULATED AND AGREED,** by and between the parties

24   hereto, through their attorneys of record, that Plaintiff should be granted leave to amend in order

25   to file Exhibit "A" as her First Amended Complaint.

26   By entering into this stipulation, Defendant does not make any admissions regarding the

27   content, substance or admissibility of the allegations in the First Amended Complaint, and

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-2-

1    expressly reserves all rights to dispute, challenge or assert affirmative defenses to the same, as

2    appropriate

3        **IT IS SO STIPULATED.**

4    Executed this 27th day of December 2019 in Oakland and San Francisco, California,

5    respectively.

6

7

8    Dated: December 30, 2019                **SCOTT COLE & ASSOCIATES, APC**

9

10                              By:  *Laura Van Note*

11                                   Laura Van Note, Esq.
                                     Attorneys for Representative Plaintiff,
12                                   the Plaintiff Class, and Aggrieved Employees

13

14   Dated: December 27, 2019                **SHEPPARD, MULLIN, RICHTER, &**
                                            **HAMPTON LLP**
15

16                              By:  *Victoria Tallman*

17                                   Victoria L. Tallman, Esq.
                                     Attorneys for Defendant Target Corporation
18

19

20

21

22

23

24

25

26

27

28

-3-

1

**[PROPOSED] ORDER**

2    The parties having so stipulated, **IT IS HEREBY ORDERED** that Plaintiff is granted

3    leave to amend to file Exhibit "A" as her First Amended Complaint.

4

5    **IT IS SO ORDERED.**

6

7    Dated: _____    _____

8    Judge of the Superior Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

# EXHIBIT A

1    Scott Edward Cole, Esq. (S.B. #160744)
     Laura Grace Van Note, Esq. (S.B. #310160)
2    **SCOTT COLE & ASSOCIATES, APC**
     555 12th Street, Suite 1725
3    Oakland, California 94607
     Telephone: (510) 891-9800
4    Facsimile:  (510) 891-7030
     Email:  scole@scalaw.com
5    Email:  lvannote@scalaw.com
     Web:    www.scalaw.com
6
     Attorneys for Representative Plaintiff
7    the Plaintiff Class, and Aggrieved Employees

8            **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11   DEENA MONROE, individually, and on         **Case No. 34-2019-00266832**
     behalf of all others similarly situated,
12                                              **INDIVIDUAL AND CLASS ACTION**
                    Plaintiff,
13                                              **FIRST AMENDED COMPLAINT FOR**
     vs.                                        **DAMAGES, INJUNCTIVE RELIEF AND**
14                                              **RESTITUTION**
     TARGET CORPORATION, JOHNNY
15   CAMACHO, and DOES 1 through 100,
     inclusive,
16                                              **[JURY TRIAL DEMANDED]**
                    Defendant.
17

18

19   Representative Plaintiff alleges as follows:

20                           **INTRODUCTION**

21        1.      This is an individual and class action seeking unpaid regular and overtime wages,

22   including unpaid compensation for meal and/or rest period violations, interest thereon, liquidated

23   damages and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees

24   and costs under, *inter alia*, California Labor Code §§ 98.6, 200-204, inclusive, 226, 226.7, 226.8,

25   510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1198, 2802, California Business and Professions

26   Code §§ 17200, *et seq.* and California Code of Civil Procedure § 1021.5. Plaintiff Deena Monroe

27   ("Representative Plaintiff") brings this action on behalf of herself and all other persons similarly

28   situated ("Class Members" and/or the "Plaintiff Class") who are or have been employed by

     defendant Target Corporation ("Defendant") as non-exempt employees within the State of

SMRH:4812-7553-9887.1                    -1-

California within the applicable class period. Representative Plaintiff also brings claims as an individual against one of her managers, Johnny Camacho ("Defendant Camacho"). Target Corporation and Johnny Camacho will be referred to, collectively, as "Defendants".

2.    For the class allegations, the period is designated as the time from October 11, 2015 through trial, based upon the allegation that the violations of California's wage and hour laws, as described more fully below, have been ongoing throughout that time.

3.    During the class period, Defendant has had a consistent policy of (1) unlawfully denying Representative Plaintiff and Class Members statutorily-mandated meal and rest periods, (2) willfully failing to provide Representative Plaintiff and Class Members with accurate semimonthly itemized wage statements reflecting the total number of hours each worked, the applicable deductions, and the applicable hourly rates in effect during the pay period and (3) willfully failing to pay compensation in a prompt and timely manner to Representative Plaintiff and those Class Members whose employment with Defendant has terminated.

4.    Defendant operates a chain of retail stores within California for which Representative Plaintiff worked as a non-exempt employee. The Representative Plaintiff is informed and believes and, on that basis, alleges that, within the Class Period, Defendant employed dozens of individuals in California in recent years to work in its stores, employment positions which did not, and currently do not, meet any known test for exemption from the payment of overtime wages and/or the entitlement to meal or rest periods.

5.    Despite actual knowledge of these facts and legal mandates, Defendant has and continues to enjoy an advantage over its competition and a resultant disadvantage to its workers by electing not to pay all wages due (missed meal and rest period compensation) and/or all penalties due (including "waiting time" penalties) to its California based non-exempt employees.

6.    Representative Plaintiff is informed and believes and, based thereon, alleges that Defendant's officers knew of these facts and legal mandates yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

7.    Despite Defendant's knowledge of Class Members' entitlement to meal and/or rest periods for all applicable work periods, Defendant failed to provide the same to Class Members,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    in violation of California state statutes, the applicable California Industrial Welfare Commission

2    Wage Order, and Title 8 of the California Code of Regulations.

3        8.    This action is brought to redress and end this prolonged pattern of unlawful conduct

4    once and for all.

5                    **JURISDICTION AND VENUE**

6        9.    This Court has jurisdiction over the Representative Plaintiff's and Class Members'

7    claims for unpaid wages, expenses and/or penalties under, *inter alia*, the applicable Industrial

8    Welfare Commission Wage Order, Title 8 of the California Code of Regulations, various sections

9    of the California Labor Code, and/or the California Code of Civil Procedure § 1021.5.

10       10.    Additionally, this Court has jurisdiction over the Representative Plaintiff's and

11   Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from

12   Defendant's unfair and/or fraudulent business practices under California Business & Professions

13   Code § 17200, *et seq.*

14       11.    Finally, this Court has jurisdiction over the Representative Plaintiff's individual

15   claims for damages and penalties.

16       12.    Venue as to Defendant is proper in this judicial district pursuant to California Code

17   of Civil Procedure § 395(a). Defendant owns and operates a chain of retail stores with locations

18   within the County of Sacramento (where Representative Plaintiff and numerous Class Members

19   worked), transacts business, has agents, and is otherwise within this Court's jurisdiction for

20   purposes of service of process. The unlawful acts alleged herein have and have had a direct effect

21   on Representative Plaintiff and those similarly situated within the State of California and within

22   the County of Sacramento.

23                        **PLAINTIFF**

24       13.    Representative Plaintiff Deena Monroe is a natural person who was employed by

25   Defendant as a non-exempt worker during the Class Period.

26       14.    In these capacities, Representative Plaintiff is and was entitled to full, uninterrupted

27   and statutorily-mandated meal and rest periods, as well as other benefits of employment as set

28   forth herein.

                        **DEFENDANTS**

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SMRH:4812-7553-9887.1                    -3-

15.     Representative Plaintiff is informed and believes and, based thereon, alleges that, at all times herein relevant, defendant Target Corporation did business within the State of California operating a chain of retail stores.

16.     Defendant Camacho was employed by Target Corporation as a manager, with supervisory responsibilities over Representative Plaintiff throughout her employment.

17.     Those defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Representative Plaintiff is informed and believes and, on that basis, alleges that at all relevant times herein mentioned, Target Corporation and those identified as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of the Representative Plaintiff and Class Members within the State of California.

18.     The Representative Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by such fictitious names. The Representative Plaintiff will seek leave of court to amend this Complaint when such names are ascertained. The Representative Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that the Representative Plaintiff's and Class Members' damages, as herein alleged, were proximately caused thereby.

19.     Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

20.     The Representative Plaintiff brings this action on behalf of herself and as a class action on behalf of all persons similarly situated and proximately damaged by Defendant's conduct including, but not necessarily limited to, the following Plaintiff Class:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

"All persons employed by Defendant as a non-exempt employee in California at any time on or after October 11, 2015"

21.     Defendant's officers and directors are excluded from the Plaintiff Class.

22.     This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

a.     Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that there are sufficient Class Members to meet the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Defendant.

b.     Commonality: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)     Whether Defendant violated California Business and Professions Code § 17200, *et seq.* by failing to provide meal and/or rest breaks to Class Members working eligible shifts;

2)     Whether Defendant violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

3)     Whether Defendant violated California Labor Code §§ 201-204 by failing to pay wages due and owing at the time that certain Class Members' employment with Defendant terminated;

4)     Whether Defendant violated California Labor Code § 226 by failing to provide semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period; and

5)     Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code § 203.

c.     Typicality: The Representative Plaintiff's claims are typical of the claims of Class Members. The Representative Plaintiff and Class Members sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d.     Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that the Representative Plaintiff's claims are typical of those of the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Plaintiff Class and the Representative Plaintiff has the same interest in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

e.   Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

23.   As described herein, for years, Defendant has knowingly failed to adequately compensate those employees within the class definition identified above for all wages earned (including premium wages such as compensation for missed meal and/or rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby enjoying a significant competitive edge over other service providers.

24.   Defendant has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of California Labor Code §§ 201 and/or 202.

25.   California Labor Code §§ 201 and 202 require Defendant to pay severed employees all wages due and owed to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

26.   Furthermore, despite its knowledge of the Representative Plaintiff's and the Class Members' entitlement to compensation for all hours worked, Defendant violated California Labor

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  Code § 1174(d) by failing to provide or require the use, maintenance, or submission of time records

2  by members of the Plaintiff Class. Defendant also failed to provide the Representative Plaintiff

3  and Class Members with accurate semimonthly itemized statements of the total number of hours

4  worked by each, and all applicable hourly rates in effect, during the pay period, in violation of

5  California Labor Code § 226. In failing to provide the required documents, Defendant has not only

6  failed to pay its workers the full amount of compensation due, but the company has also, until now,

7  effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial

8  impact of its wrongdoing that such documents might otherwise have led workers to discover.

9      27.    Representative Plaintiff and all persons similarly situated are entitled to unpaid

10  compensation, yet, to date, have not received such compensation despite many of the same having

11  been terminated by and/or resigned from Defendant's employ. More than 30 days have passed

12  since certain Class Members have left Defendant's employ.

13      28.    As a consequence of Defendant's willful conduct in not paying former employees

14  compensation for all hours worked in a prompt and timely manner, certain Class Members are

15  entitled to up to 30 days wages as a penalty under California Labor Code § 203, together with

16  attorneys' fees and costs.

17      29.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

18  herein, Representative Plaintiff and Class Members have sustained damages, as described above,

19  including compensation for loss of earnings for hours worked on behalf of Defendant, in an amount

20  to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct,

21  as set forth herein, certain Class Members are entitled to recover "waiting time" penalties (pursuant

22  to California Labor Code § 203) and penalties for failure to provide semimonthly statements of

23  hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an

24  amount to be established at trial. As a further direct and proximate result of Defendant's unlawful

25  conduct, as set forth herein, Representative Plaintiff and Class Members are also entitled to recover

26  costs and attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, among other

27  authorities.

28      30.    Representative Plaintiff seeks injunctive relief prohibiting Defendant from

engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiff

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    also seeks restitution of costs incurred by Representative Plaintiff and Class Members under

2    California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will

3    continue unchecked, while Representative Plaintiff and Class Members bear the financial brunt of

4    Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful

5    conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also entitled to

6    recover costs and attorneys' fees, pursuant to statute.

7                      **INDIVIDUAL FACTUAL ALLEGATIONS**

8        31.    Additionally, Defendant and Defendant Camacho discriminated against and

9    harassed Representative Plaintiff based on her sex. Throughout Representative Plaintiff's

10   employment, Representative Plaintiff was subjected to unwanted harassing conduct including

11   disparaging remarks based on Representative Plaintiff's gender, and unwanted touching and, on

12   one occasion, being locked in a closet by and with one of her managers (Defendant Camacho) and

13   prevented from leaving. The unwanted harassing conduct was so severe and pervasive that any

14   reasonable person would have found the work environment hostile and/or abusive. Representative

15   Plaintiff found the work environment hostile and abusive.

16       32.    The unwanted harassing conduct was engaged in and/or endorsed by

17   Representative Plaintiff's supervisors, including managers Doug ("DJ") (last name unknown) and

18   Johnny Camacho and the Defendant.

19       33.    Defendant's managers DJ and Defendant Camacho repeatedly made numerous

20   inappropriate comments to the Representative Plaintiff and other female employees regarding sex.

21   Defendant's managers repeatedly made offensive sexual innuendos regarding Representative

22   Plaintiff, directly toward her and also to other female employees, especially young females (who

23   are also members of the putative class).

24       34.    Defendant's managers also engaged in unwanted touching of the Representative

25   Plaintiff and other female employees.

26       35.    Defendant was on notice of this unwanted harassing conduct and tolerated the

27   behavior by members of management against female employees, including Representative

28   Plaintiff. Rather than attempt to stop the unwanted harassing conduct from occurring, Defendant

     endorsed and ratified the behavior.

SMRH:4812-7553-9887.1                          -8-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    36.    This harassment and the Defendant's endorsement thereof created a hostile work
2  environment which caused Representative Plaintiff serious emotional hardship. Representative
3  Plaintiff was embarrassed and suffered emotional harm because of this treatment.

4    37.    Prior to filing this Complaint, Representative Plaintiff filed a Complaint against
5  Defendants with the California Department of Fair Employment and Housing ("DFEH"), pursuant
6  to California Government Code § 12960, *et seq.*, alleging the claims set forth in this Complaint.
7  On October 4, 2019 the DFEH issued a "right-to-sue" notice related to Defendant. A subsequent
8  "right-to-sue" notice was issued on October 8, 2019 related to Defendant Camacho. All conditions
9  precedent to the initiation of this lawsuit have been fulfilled. This action is filed within one year
10  of the date the DFEH issued its right to sue letter.

11

12                           **FIRST CAUSE OF ACTION**
                        **UNLAWFUL FAILURE TO PAY WAGES**
13   **(California Labor Code §§ 200-204, 510, 558, 1194, and 1198; IWC Wage Order)**
                          **(Against Defendant Target Corporation)**

14    38.    Representative Plaintiff incorporates in this cause of action each and every
15  allegation of the preceding paragraphs, with the same force and effect as though fully set forth
16  herein.

17    39.    During the limitations period, Representative Plaintiff performed work for
18  Defendant. The number of hours will be proven at trial.

19    40.    During the limitations period, Defendant refused to compensate Representative
20  Plaintiff for all of the wages earned, in violation of the applicable IWC Wage Order and provisions
21  of the California Labor Code.

22    41.    Defendant's conduct, as heretofore detailed, represents underpayment of wages
23  pursuant to California Labor Code § 558 for which Representative Plaintiff seeks damages and/or
24  penalties according to proof.

25    42.    As a direct and proximate result of Defendant's unlawful conduct, as set forth
26  herein, Representative Plaintiff has sustained damages, including loss of earnings for hours worked
27  on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate
28  result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff is entitled to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  recover penalties in amounts to be established at trial, as well as attorneys' fees and costs, and

2  restitution, pursuant to statute.

3

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
#### (California Labor Code §§ 226.7 and 512)
#### (Against Defendant Target Corporation)

6  43.    Representative Plaintiff incorporates in this cause of action each and every

7  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

8  herein.

9  44.    At all relevant times, Defendant was aware of and were under a duty to comply

10  with California Labor Code § 226.7 and §512.

11  45.    California Labor Code § 226.7 provides:

12  (a)    No employer shall require any employee to work during any
13  meal or rest period mandated by an applicable order of the Industrial
    Welfare Commission.

14  (b)    If an employer fails to provide an employee a meal period or
15  rest period in accordance with an applicable order of the Industrial
    Welfare Commission, the employer shall pay the employee one
16  additional hour of pay at the employee's regular rate of
    compensation for each work day that the meal or rest period is not
    provided.

17
18  46.    Moreover, California Labor Code § 512(a) provides:

19  An employer may not employ an employee for a work period of
    more than five hours per day without providing the employee with
20  a meal period of not less than 30 minutes, except that if the total
    work period per day of the employee is no more than six hours, the
21  meal period may be waived by mutual consent of both the employer
    and employee. An employer may not employ an employee for a
22  work period of more than 10 hours per day without providing the
    employee with a second meal period of not less than 30 minutes,
23  except that if the total hours worked is no more than 12 hours, the
    second meal period may be waived by mutual consent of the
24  employer and the employee only if the first meal period was not
    waived.

25  47.    Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that

26  employers provide all applicable meal and/or rest periods to non-exempt (including exempt-

27  misclassified) employees.

28  48.    Section 11 of the applicable IWC Wage Order provides:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

49.    Moreover, Section 12 of the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

50.    By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Representative Plaintiff and Class Members, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

51.    Representative Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the one hour of compensation to any Class Member due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

52.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.

53.    As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover other penalties, in amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**
**(Against Defendant Target Corporation)**

54.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

55.    California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

56.    Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

57.    Finally, California Labor Code § 1174(d) provides:

> Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

58.    Representative Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions on behalf of herself and on behalf of all Class Members.

59.    Defendant has failed to provide timely, accurate itemized wage statements to the Representative Plaintiff and Class Members in accordance with California Labor Code § 226. Representative Plaintiff is informed and believes and, on that basis, alleges that none of the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1 statements provided by Defendant accurately reflected actual gross wages earned, net wages

2 earned, or the appropriate deductions of such Class Members.

3     60.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

4 herein, the Representative Plaintiff and Class Members have sustained damages in an amount to

5 be established at trial and are entitled to recover attorneys' fees and costs of suit.

6
7 **FOURTH CAUSE OF ACTION**<br>**FAILURE TO PAY WAGES ON TERMINATION**<br>**(California Labor Code § 203)**
8 **(Against Defendant Target Corporation)**

9     61.    Representative Plaintiff incorporates in this cause of action each and every

10 allegation of the preceding paragraphs, with the same force and effect as though fully set forth

11 herein.

12     62.    California Labor Code § 203 provides that:

13         If an employer willfully fails to pay, without abatement or reduction, in
14         accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
        employee who is discharged or who quits, the wages of the employee shall
15         continue as a penalty from the due date thereof at the same rate until paid or
        until an action therefor is commenced; but the wages shall not continue for
16         more than 30 days.

17     63.    Numerous Class Members were employed by Defendant during the class period

18 and were thereafter terminated or resigned from their positions, yet they were not paid all premium

19 (overtime) wages due upon said termination or within 72 hours of said resignation of employment

20 therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by

21 Defendant.

22     64.    More than 30 days have elapsed since certain Class Members were involuntarily

23 terminated or voluntarily resigned from Defendant's employ.

24     65.    As a direct and proximate result of Defendant's willful conduct in failing to pay

25 said Class Members for all hours worked, affected Class Members are entitled to recover "waiting

26 time" penalties of up to thirty days' wages pursuant to California Labor Code § 203 in an amount

27 to be established at trial, together with interest thereon, and attorneys' fees and costs.

28 **FIFTH CAUSE OF ACTION**<br>**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**

SCOTT COLE & ASSOCIATES, APC<br>ATTORNEYS AT LAW<br>555 12TH STREET, SUITE 1725<br>OAKLAND, CA 94607<br>TEL: (510) 891-9800

**(California Business & Professions Code §§ 17200-17208)**
**(Against Defendant Target Corporation)**

66.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

67.    Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

68.    Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

69.    Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiff and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

**SIXTH CAUSE OF ACTION**
**DISCRIMINATION BASED UPON SEX IN VIOLATION OF THE**
**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
**(California Government Code §§ 12940, et seq.)**
**(Against All Defendants)**

70.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

71.    Representative Plaintiff brings this action on behalf of herself in her individual capacity exclusively, and not on behalf of any other employees.

72.    At all relevant times, Government Code § 12940, subdivision (a), was in full force and effect, and was binding on Defendants. This section prohibited Defendants from discriminating against an employee on the basis of sex as those terms are defined in Government

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  Code § 12926(r). Within the time provided by law, Representative Plaintiff filed a Complaint with
2  the California Department of Fair Employment and Housing and federal Equal Employment
3  Opportunity Commission, and has received right-to-sue letters therefrom.

4      73.    Defendants violated Government Code § 12940, subdivision (a), in numerous
5  respects, including but not necessarily limited to, discriminating against Representative Plaintiff
6  because of her sex. Such conduct resulted in damage and injury to Representative Plaintiff, as
7  alleged herein.

8      74.    As a proximate result of Defendants' willful, knowing and intentional conduct,
9  Representative Plaintiff has sustained and continued to sustain losses in earnings and other
10  employment benefits.

11      75.    As a further proximate result of Defendants' willful, knowing and intentional
12  conduct, Representative Plaintiff has suffered and continues to suffer humiliation, emotional
13  distress, and mental anguish, all to her damage in a sum according to proof.

14      76.    Representative Plaintiff has incurred and continues to incur legal expenses and
15  attorneys' fees. Representative Plaintiff is presently unaware of the precise amount of such
16  expenses and fees and prays leave of court to amend this Complaint when those amounts are more
17  fully known.

18      77.    Defendant committed the acts alleged herein maliciously, fraudulently, and
19  oppressively, with the wrongful intention of injuring Representative Plaintiff, and acted with an
20  improper and evil motive amounting to malice and in conscious disregard of Representative
21  Plaintiff's rights. Because the acts taken toward Representative Plaintiff were carried out by
22  Defendants acting in a despicable, deliberate, callous and intentional manner in order to injure and
23  damage Representative Plaintiff, she is entitled to recover punitive damages in an amount
24  according to proof.

25
26
### SEVENTH CAUSE OF ACTION
### FALSE IMPRISONMENT IN VIOLATION OF PENAL CODE SECTION 236
### (Against Individual Defendant Johnny Camacho)

27      78.    Representative Plaintiff incorporates in this cause of action each and every
28  allegation of the preceding paragraphs, with the same force and effect as though fully set forth
herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

79.     Representative Plaintiff brings this action on behalf of herself in her individual capacity exclusively, and not on behalf of any other employees.

80.     Defendant Johnny Camacho violated California Penal Code Section 236 by wrongfully confining Representative Plaintiff and unlawfully violated the personal liberty of Representative Plaintiff.

81.     Defendant Johnny Camacho intentionally deprived Representative Plaintiff of her freedom of movement by use of physical barriers, force, threats of force, menace, fraud, deceit, and/or unreasonable duress.

82.     The restraint described herein compelled Representative Plaintiff to stay confined for an appreciable amount of time.

83.     Representative Plaintiff did not knowingly or voluntarily consent to the restraint.

84.     Representative Plaintiff was actually harmed and Defendant Johnny Camacho's conduct was a substantial factor in causing Representative Plaintiff's harm.

85.     As a proximate result of Defendant Camacho's willful, knowing and intentional conduct, Representative Plaintiff has sustained and continued to sustain damages, including but not limited to losses in earnings and other employment benefits.

86.     As a further proximate result of Defendant Camacho's willful, knowing and intentional conduct, Representative Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental anguish, all to her damage in a sum according to proof.

87.     Representative Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Representative Plaintiff is presently unaware of the precise amount of such expenses and fees and prays leave of court to amend this Complaint when those amounts are more fully known.

88.     Defendant Camacho committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Representative Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Representative Plaintiff's rights. Because the acts taken toward Representative Plaintiff were carried out by Defendant Camacho acting in a despicable, deliberate, callous and intentional manner in order to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   injure and damage Representative Plaintiff, she is entitled to recover punitive damages in an
2   amount according to proof.

### EIGHTH CAUSE OF ACTION
### HARASSMENT UNDER GOVERNMENT CODE SECTIONS 12940 (I) AND (J)
### (Against All Defendants)

5   89.   Representative Plaintiff incorporates in this cause of action each and every
6   allegation of the preceding paragraphs, with the same force and effect as though fully set forth
7   herein.

8   90.   At all times herein mentioned, FEHA, Government Code Section 12940, was in full
9   force and effect and was binding on Defendants. This statute requires Defendants to refrain from
10  sexually harassing their employees. Within the time provided by law, Representative Plaintiff filed
11  a complaint with the DFEH, in full compliance with administrative requirements, and received a
12  right-to-sue letter.

13  91.   As identified herein, during Representative Plaintiff's employment with
14  Defendants, Defendants engaged in actions that constituted sexual harassment of Representative
15  Plaintiff. These actions created a hostile working environment for Representative Plaintiff.

16  92.   All of these actions were taken against Representative Plaintiff's will and desire
17  and over her protests. These acts of misconduct occurred between August and October of 2019,
18  when Representative Plaintiff's employment with Defendants was constructively terminated.
19  Defendants took no action to prevent the sexual harassment of Representative Plaintiff.

20  93.   As a proximate result of Defendants' willful, knowing, and intentional sexual
21  harassment of Representative Plaintiff, Representative Plaintiff has sustained and continues to
22  sustain damages, including losses of earnings and benefits, according to proof.

23  94.   As a proximate result of Defendants' willful, knowing, and intentional sexual
24  harassment of Representative Plaintiff, Representative Plaintiff has suffered and continues to
25  suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage
26  in a sum according to proof.

27  95.   Defendants' sexual harassment was done intentionally, in a malicious, oppressive,
28  fraudulent manner, entitling Representative Plaintiff to punitive damages.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    96.    Representative Plaintiff has incurred and continues to incur legal expenses and

2  attorneys' fees. Representative Plaintiff is at present unaware of the precise amounts of these

3  expenses and fees and will seek leave of court to amend this Complaint when the amounts are

4  known.

5                        **NINTH CAUSE OF ACTION**
                **PRIVATE ATTORNEYS GENERAL ACT CLAIM**
6                      **(California Labor Code §§ 2699)**

7    97.    Representative Plaintiff incorporates in this cause of action each and every

8  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

9  herein.

10   98.    California Labor Code § 2699(a) states:

11       Notwithstanding any other provision of the law, any provision of this code
         that provides for a civil penalty to be assessed and collected by the Labor
12       and Workforce Development Agency or any of its departments, divisions,
         commissions, boards, agencies, or employees, for a violation of this code,
13       may, as an alternative, be recovered through a civil action brought by an
         aggrieved employee on behalf of himself or herself and other current or
14       former employees. . .

15

16   99.    Representative Plaintiff (and each and every other Aggrieved Employee) are

17  "aggrieved employees," as defined by California Labor Code § 2699(c), because they were

18  employed by Defendant and were among the many employees against whom violations of law

19  were committed.

20   100.    Representative Plaintiff has met all of the requirements set forth in California Labor

21  Code § 2699.3 necessary to maintain a civil action against Defendant for violations of (and/or

22  recovery under) California Labor Code §§ 200-204, inclusive, 226, 226.7, 512, 558, 1174, 1174.5,

23  and/or 2699.

24   101.    Representative Plaintiff brings this action on behalf of herself and all Aggrieved

25  Employees alleging violations of the California Labor Code sections cited in the preceding

26  paragraph.

27   102.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

28  herein, Representative Plaintiff and Aggrieved Employees are entitled to recover various penalties

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL. (510) 891-9800

1    as provided by California Labor Code § 2699, in an amount to be established at trial, as well as

2    costs and attorneys' fees, pursuant to statute.

3                                    **RELIEF SOUGHT**

4        **WHEREFORE, the Representative Plaintiff,** on behalf of herself and the proposed

5    Plaintiff Class, prays for judgment and the following specific relief against Defendants as follows:

6        1.      That the Court declare, adjudge, and decree that this action is a proper class action

7    and certify the proposed Class and/or any other appropriate subclasses under California Code of

8    Civil Procedure § 382;

9        2.      That the Court declare, adjudge, and decree that Defendants willfully violated their

10   legal duties to pay all wages due under the California Labor Code and the applicable California

11   Industrial Welfare Commission Wage Orders;

12       3.      That the Court make an award to the Representative Plaintiff and the Class

13   Members of one hour of pay at each employee's regular rate of compensation for each workday

14   that a meal period was not provided;

15       4.      That the Court make an award to the Representative Plaintiff and the Class

16   Members of one hour of pay at each employee's regular rate of compensation for each workday

17   that a rest period was not provided;

18       5.      That the Court Order Defendants to pay restitution to the Representative Plaintiff

19   and the Class Members due to Defendants' unlawful activities, pursuant to California Business

20   and Professions Code §§ 17200-17208;

21       6.      That the Court further enjoin Defendants, ordering them to cease and desist from

22   unlawful activities in violation of California Business and Professions Code § 17200, *et seq.*

23       7.      For all other Orders, findings and determinations identified and sought in this

24   Complaint;

25       8.      For punitive damages in an amount to be determined at trial;

26       9.      For interest on the amount of any and all economic losses, at the prevailing legal

27   rate;

28       10.     That the Court make an award to Representative Plaintiff of penalties, pursuant to

California Labor Code §§ 203, 226, 558, and 1174.5, in an amount to be proven at trial;

SMRH:4812-7553-9887.1                              -19-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1        11.    For reasonable attorneys' fees, pursuant to California Code of Civil Procedure § 

2   1021.5 and other statutes; and

3        12.    For costs of suit and any and all such other relief as the Court deems just and proper.

4                              **JURY DEMAND**

5        Representative Plaintiff, on behalf of herself and the Plaintiff Class, hereby demands a trial

6   by jury.

7

8   Dated: December 3̲0̲, 2019              **SCOTT COLE & ASSOCIATES, APC**

9

10                      By:     *Laura Van Note*

11                              Laura Van Note, Esq.

12                              Attorneys for Representative Plaintiff,
the Plaintiff Class, and Aggrieved Employees

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   Scott Edward Cole, Esq. (S.B. #160744)
    Laura Van Note, Esq. (S.B. #310160)
2   **SCOTT COLE & ASSOCIATES, APC**
    555 12th Street, Suite 1725
3   Oakland, California 94607
    Telephone: (510) 891-9800
4   Facsimile:  (510) 891-7030
    Email:  scole@scalaw.com
5   Email:  lvannote@scalaw.com
    Web:  www.scalaw.com
6
    Attorneys for Representative Plaintiff
7   the Plaintiff Class, and Aggrieved Employees

8

9             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               IN AND FOR THE COUNTY OF SACRAMENTO

11

12  DEENA MONROE, individually, and on        Case No. 34-2019-00266832
    behalf of all others similarly situated,
13                                            **INDIVIDUAL AND CLASS ACTION**
                    Plaintiff,
14                                            **PROOF OF SERVICE**
    vs.
15  TARGET CORPORATION, JOHNNY
    CAMACHO, and DOES 1 through 100,
16  inclusive,

17                  Defendant.

18

19

20

21

22

23

24

25

26

27

28

*(left margin, vertical text)* SCOTT COLE & ASSOCIATES, APC / ATTORNEYS AT LAW / 555 12TH STREET, SUITE 1725 / OAKLAND, CA 94607 / TEL: (510) 891-9800

**PROOF OF SERVICE**

I am over 18 years of age, not a party to the above-captioned action, am employed by the law firm of Scott Cole & Associates, APC, 555 12th St., Suite 1725, Oakland, California 94607.

On this date, I served a copy of:

**STIPULATION AND [PROPOSED] ORDER RE: FILING OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

| X | By depositing the document(s) with the United States Postal Service, with postage fully prepaid, addressed as indicated below, in the same day in the ordinary course of business. |
|---|---|
| | By transmitting via facsimile, the document(s) listed above to the fax number(s) below on this date before 5:00 p.m. PST. |
| | By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent this day for delivery. |
| | By personally delivering the document(s) to the person(s) at the address(es) below. |
| | By transmitting via e-mail the document(s) to the person(s) at the e-mail address(es) below. |
| | By electronically filing with the Clerk of the Court using the CM/ECF System which will automatically generate a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3). |
| | By uploading the document(s) to the third-party document management/service company, court-approved for purposes of this litigation. |

on the following person(s):

Samantha C. Grant
Babak Yousefzadeh
Victoria L. Tallman
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
Four Embarcadero, 17th Floor
San Francisco, CA 94111

I declare under penalty of perjury under the laws of the United States and the State of California the foregoing is true and correct. Executed in Oakland, California on December 30, 2019.

*Leslie Irwin*
Leslie Irwin

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

# EXHIBIT I

1  | Scott Edward Cole, Esq. (S.B. #160744)
   | Laura Grace Van Note, Esq. (S.B. #310160)
2  | **SCOTT COLE & ASSOCIATES, APC**
   | 555 12th Street, Suite 1725
3  | Oakland, California 94607
   | Telephone: (510) 891-9800
4  | Facsimile:  (510) 891-7030
   | Email:  scole@scalaw.com
5  | Email:  lvannote@scalaw.com
   | Web:  www.scalaw.com
6  |
   | Attorneys for Representative Plaintiff,
7  | the Plaintiff Class, and Aggrieved Employees
8  | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   |   A Limited Liability Partnership
9  |   Including Professional Corporations
   | SAMANTHA C. GRANT, Cal. Bar No. 198130
10 | BABAK YOUSEFZADEH, Cal. Bar No. 235974
   | VICTORIA L. TALLMAN, Cal. Bar No. 273252
11 | Four Embarcadero, 17th Floor
   | San Francisco, California 94111
12 | Telephone:    415.434.9100
   | Facsimile:    415.434.3947
13 | Email:        BYousefzadeh@sheppardmullin.com
   |              VTallman@sheppardmullin.com
14 |
15 | Attorneys for Defendant
   | TARGET CORPORATION
16 |



FILED/ENDORSED

DEC 3 1 2019

By: ___ D. JOHNSON-MELLADO
DEPUTY CLERK

BY FAX

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

17 | **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**
18 | **IN AND FOR THE COUNTY OF SACRAMENTO**

| 19 | DEENA MONROE, individually, and on behalf of all others similarly situated, | **Case No. 34-2019-00266832** |
| 20 | | **INDIVIDUAL AND CLASS ACTION** |
|    | Plaintiff, | |
| 21 | | **STIPULATION AND ~~[PROPOSED]~~ ORDER** |
|    | vs. | **RE: FILING OF PLAINTIFF'S FIRST** |
| 22 | | **AMENDED COMPLAINT** |
|    | TARGET CORPORATION, JOHNNY | |
| 23 | CAMACHO, and DOES 1 through 100, inclusive, | |
| 24 | | |
|    | Defendant. | |
| 25 | | |

26 |
27 |
28 |

RECEIVED
DEC 3 0 2019
L & M

1    The parties, Plaintiff Deena Monroe ("Plaintiff"), and Defendant Target Corporation

2 ("Defendant"), acting through their respective counsel of record, hereby stipulate as follows:

3    **WHEREAS**, on October 7, 2019, pursuant to Labor Code section 2699.3, Plaintiff gave

4 notice to Defendants and to the Labor and Workforce Development Agency ("LWDA") of

5 alleged Labor Code violations committed by Defendant;

6    **WHEREAS**, Plaintiff filed her Complaint on October 11, 2019, asserting causes of

7 action on behalf or herself and the class of non-exempt employees she seeks to represent for (1)

8 unlawful failure to pay wages, (2) failure to provide meal and rest periods, (3) failure to provide

9 accurate itemized wage statements, (4) failure to pay wages on termination, and (5) unfair

10 business practices under the unfair competition act, and for individual causes of action on behalf

11 of herself only for (6) discrimination based upon sex in violation of the California Fair

12 Employment and Housing Act, (7) false imprisonment in violation of Penal Code Section 236,

13 and (8) harassment under Government Code Sections 12940 (I) and (J);

14    **WHEREAS**, more than 65 days have passed since Plaintiff gave the aforementioned

15 notice and the LWDA has failed to respond to Plaintiff's notice in any way (*see* Cal. Lab. Code §

16 2699.3(a)(2)(A));

17    **WHEREAS**, Plaintiff seeks to amend her Complaint to include a Private Attorneys

18 General Act ("PAGA") cause of action;

19    **WHEREAS**, Plaintiff has drafted a proposed First Amended Complaint, attached hereto

20 as Exhibit "A," which includes a PAGA cause of action. In all other material respects, Plaintiff's

21 proposed First Amended Complaint is substantively the same as the previously filed operative

22 Complaint;

23    **IT IS THEREFORE STIPULATED AND AGREED**, by and between the parties

24 hereto, through their attorneys of record, that Plaintiff should be granted leave to amend in order

25 to file Exhibit "A" as her First Amended Complaint.

26    By entering into this stipulation, Defendant does not make any admissions regarding the

27 content, substance or admissibility of the allegations in the First Amended Complaint, and

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-2-

1    expressly reserves all rights to dispute, challenge or assert affirmative defenses to the same, as

2    appropriate

3        **IT IS SO STIPULATED.**

4    Executed this 27th day of December 2019 in Oakland and San Francisco, California,

5    respectively.

6

7

8    Dated: December 30, 2019                **SCOTT COLE & ASSOCIATES, APC**

9

10                                    By: *Laura Van Note*

11                                        Laura Van Note, Esq.
                                          Attorneys for Representative Plaintiff,

12                                        the Plaintiff Class, and Aggrieved Employees

13

14   Dated: December 27, 2019                **SHEPPARD, MULLIN, RICHTER, &**
                                          **HAMPTON LLP**

15

16                                    By: *Victoria Tallman*

17                                        Victoria L. Tallman, Esq.
                                          Attorneys for Defendant Target Corporation

18

19

20

21

22

23

24

25

26

27

28

1

~~[PROPOSED]~~ ORDER

2          The parties having so stipulated, **IT IS HEREBY ORDERED** that Plaintiff is granted

3    leave to amend to file Exhibit "A" as her First Amended Complaint.

4

5    **IT IS SO ORDERED.**

6

7    Dated: _____ DEC 3 1 2019 _____    _____

8                                          Judge of the Superior Court

                                          *Judge James LaPorte*

9

10

11

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-

# EXHIBIT A

Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
**SCOTT COLE & ASSOCIATES, APC**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile:  (510) 891-7030
Email:  scole@scalaw.com
Email:  lvannote@scalaw.com
Web:    www.scalaw.com

Attorneys for Representative Plaintiff
the Plaintiff Class, and Aggrieved Employees

### IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

### IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| DEENA MONROE, individually, and on behalf of all others similarly situated, | Case No. 34-2019-00266832 |
| Plaintiff, | **INDIVIDUAL AND CLASS ACTION** |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION** |
| TARGET CORPORATION, JOHNNY CAMACHO, and DOES 1 through 100, inclusive, | |
| Defendant. | **[JURY TRIAL DEMANDED]** |

Representative Plaintiff alleges as follows:

### INTRODUCTION

1.      This is an individual and class action seeking unpaid regular and overtime wages, including unpaid compensation for meal and/or rest period violations, interest thereon, liquidated damages and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees and costs under, *inter alia*, California Labor Code §§ 98.6, 200-204, inclusive, 226, 226.7, 226.8, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1198, 2802, California Business and Professions Code §§ 17200, *et seq.* and California Code of Civil Procedure § 1021.5. Plaintiff Deena Monroe ("Representative Plaintiff") brings this action on behalf of herself and all other persons similarly situated ("Class Members" and/or the "Plaintiff Class") who are or have been employed by defendant Target Corporation ("Defendant") as non-exempt employees within the State of

SMRH:4812-7553-9887.1                    -1-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    California within the applicable class period. Representative Plaintiff also brings claims as an

2    individual against one of her managers, Johnny Camacho ("Defendant Camacho"). Target

3    Corporation and Johnny Camacho will be referred to, collectively, as "Defendants".

4        2.      For the class allegations, the period is designated as the time from October 11, 2015

5    through trial, based upon the allegation that the violations of California's wage and hour laws, as

6    described more fully below, have been ongoing throughout that time.

7        3.      During the class period, Defendant has had a consistent policy of (1) unlawfully

8    denying Representative Plaintiff and Class Members statutorily-mandated meal and rest periods,

9    (2) willfully failing to provide Representative Plaintiff and Class Members with accurate

10   semimonthly itemized wage statements reflecting the total number of hours each worked, the

11   applicable deductions, and the applicable hourly rates in effect during the pay period and (3)

12   willfully failing to pay compensation in a prompt and timely manner to Representative Plaintiff

13   and those Class Members whose employment with Defendant has terminated.

14       4.      Defendant operates a chain of retail stores within California for which

15   Representative Plaintiff worked as a non-exempt employee. The Representative Plaintiff is

16   informed and believes and, on that basis, alleges that, within the Class Period, Defendant employed

17   dozens of individuals in California in recent years to work in its stores, employment positions

18   which did not, and currently do not, meet any known test for exemption from the payment of

19   overtime wages and/or the entitlement to meal or rest periods.

20       5.      Despite actual knowledge of these facts and legal mandates, Defendant has and

21   continues to enjoy an advantage over its competition and a resultant disadvantage to its workers

22   by electing not to pay all wages due (missed meal and rest period compensation) and/or all

23   penalties due (including "waiting time" penalties) to its California based non-exempt employees.

24       6.      Representative Plaintiff is informed and believes and, based thereon, alleges that

25   Defendant's officers knew of these facts and legal mandates yet, nonetheless, repeatedly

26   authorized and/or ratified the violation of the laws cited herein.

27       7.      Despite Defendant's knowledge of Class Members' entitlement to meal and/or rest

28   periods for all applicable work periods, Defendant failed to provide the same to Class Members,

1    in violation of California state statutes, the applicable California Industrial Welfare Commission

2    Wage Order, and Title 8 of the California Code of Regulations.

3        8.    This action is brought to redress and end this prolonged pattern of unlawful conduct

4    once and for all.

5                        **JURISDICTION AND VENUE**

6        9.    This Court has jurisdiction over the Representative Plaintiff's and Class Members'

7    claims for unpaid wages, expenses and/or penalties under, *inter alia*, the applicable Industrial

8    Welfare Commission Wage Order, Title 8 of the California Code of Regulations, various sections

9    of the California Labor Code, and/or the California Code of Civil Procedure § 1021.5.

10       10.    Additionally, this Court has jurisdiction over the Representative Plaintiff's and

11   Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from

12   Defendant's unfair and/or fraudulent business practices under California Business & Professions

13   Code § 17200, *et seq*.

14       11.    Finally, this Court has jurisdiction over the Representative Plaintiff's individual

15   claims for damages and penalties.

16       12.    Venue as to Defendant is proper in this judicial district pursuant to California Code

17   of Civil Procedure § 395(a). Defendant owns and operates a chain of retail stores with locations

18   within the County of Sacramento (where Representative Plaintiff and numerous Class Members

19   worked), transacts business, has agents, and is otherwise within this Court's jurisdiction for

20   purposes of service of process. The unlawful acts alleged herein have and have had a direct effect

21   on Representative Plaintiff and those similarly situated within the State of California and within

22   the County of Sacramento.

23                            **PLAINTIFF**

24       13.    Representative Plaintiff Deena Monroe is a natural person who was employed by

25   Defendant as a non-exempt worker during the Class Period.

26       14.    In these capacities, Representative Plaintiff is and was entitled to full, uninterrupted

27   and statutorily-mandated meal and rest periods, as well as other benefits of employment as set

28   forth herein.

                            **DEFENDANTS**

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1      15.    Representative Plaintiff is informed and believes and, based thereon, alleges that,

2  at all times herein relevant, defendant Target Corporation did business within the State of

3  California operating a chain of retail stores.

4      16.    Defendant Camacho was employed by Target Corporation as a manager, with

5  supervisory responsibilities over Representative Plaintiff throughout her employment.

6      17.    Those defendants identified as Does 1 through 100, inclusive, are and were, at all

7  relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or

8  each of the remaining defendants. Representative Plaintiff is informed and believes and, on that

9  basis, alleges that at all relevant times herein mentioned, Target Corporation and those identified

10  as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or

11  working conditions of the Representative Plaintiff and Class Members within the State of

12  California.

13      18.    The Representative Plaintiff is unaware of the true names and capacities of those

14  defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by

15  such fictitious names. The Representative Plaintiff will seek leave of court to amend this

16  Complaint when such names are ascertained. The Representative Plaintiff is informed and believes

17  and, on that basis, alleges that each of the fictitiously-named defendants was responsible in some

18  manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that the

19  Representative Plaintiff's and Class Members' damages, as herein alleged, were proximately

20  caused thereby.

21      19.    Representative Plaintiff is informed and believes and, on that basis, alleges that, at

22  all relevant times herein mentioned, each of the defendants was the agent and/or employee of each

23  of the remaining defendants and, in doing the acts herein alleged, was acting within the course and

24  scope of such agency and/or employment.

25                          **CLASS ACTION ALLEGATIONS**

26      20.    The Representative Plaintiff brings this action on behalf of herself and as a class

27  action on behalf of all persons similarly situated and proximately damaged by Defendant's conduct

28  including, but not necessarily limited to, the following Plaintiff Class:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

"All persons employed by Defendant as a non-exempt employee in California at any time on or after October 11, 2015"

21.    Defendant's officers and directors are excluded from the Plaintiff Class.

22.    This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

    a.    Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that there are sufficient Class Members to meet the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Defendant.

    b.    Commonality: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

        1)    Whether Defendant violated California Business and Professions Code § 17200, et seq. by failing to provide meal and/or rest breaks to Class Members working eligible shifts;

        2)    Whether Defendant violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

        3)    Whether Defendant violated California Labor Code §§ 201-204 by failing to pay wages due and owing at the time that certain Class Members' employment with Defendant terminated;

        4)    Whether Defendant violated California Labor Code § 226 by failing to provide semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period; and

        5)    Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code § 203.

    c.    Typicality: The Representative Plaintiff's claims are typical of the claims of Class Members. The Representative Plaintiff and Class Members sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

    d.    Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that the Representative Plaintiff's claims are typical of those of the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    Plaintiff Class and the Representative Plaintiff has the same interest
     in the litigation of this case as the Class Members. The
2    Representative Plaintiff is committed to vigorous prosecution of this
     case and has retained competent counsel who are experienced in
3    conducting litigation of this nature. The Representative Plaintiff is
     not subject to any individual defenses unique from those
4    conceivably applicable to Class Members as a whole. The
     Representative Plaintiff anticipates no management difficulties in
5    this litigation.

6    e.    Superiority of Class Action: Since the damages suffered by
           individual Class Members, while not inconsequential, may be
7          relatively small, the expense and burden of individual litigation by
           each member makes or may make it impractical for Class Members
8          to seek redress individually for the wrongful conduct alleged herein.
           Should separate actions be brought, or be required to be brought, by
9          each individual Class Member, the resulting multiplicity of lawsuits
           would cause undue hardship and expense for the Court and the
10         litigants. The prosecution of separate actions would also create a risk
           of inconsistent rulings which might be dispositive of the interests of
11         other Class Members who are not parties to the adjudications and/or
           may substantially impede their ability to adequately protect their
12         interests.

13                      **COMMON FACTUAL ALLEGATIONS**

14        23.    As described herein, for years, Defendant has knowingly failed to adequately

15   compensate those employees within the class definition identified above for all wages earned

16   (including premium wages such as compensation for missed meal and/or rest periods) under the

17   California Labor Code and the applicable IWC Wage Order, thereby enjoying a significant

18   competitive edge over other service providers.

19        24.    Defendant has declined to pay these wages, even upon a Class Member's

20   termination or resignation from employment, in blatant violation of California Labor Code §§ 201

21   and/or 202.

22        25.    California Labor Code §§ 201 and 202 require Defendant to pay severed employees

23   all wages due and owed to the employee immediately upon discharge or within 72 hours of

24   resignation of their positions, in most circumstances. California Labor Code § 203 provides that

25   an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the

26   subject employees' wages until the back wages are paid in full or an action is commenced, and the

27   payment of such penalty shall continue for a period of time up to 30 days.

28        26.    Furthermore, despite its knowledge of the Representative Plaintiff's and the Class

Members' entitlement to compensation for all hours worked, Defendant violated California Labor

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1,725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    Code § 1174(d) by failing to provide or require the use, maintenance, or submission of time records
2    by members of the Plaintiff Class. Defendant also failed to provide the Representative Plaintiff
3    and Class Members with accurate semimonthly itemized statements of the total number of hours
4    worked by each, and all applicable hourly rates in effect, during the pay period, in violation of
5    California Labor Code § 226. In failing to provide the required documents, Defendant has not only
6    failed to pay its workers the full amount of compensation due, but the company has also, until now,
7    effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial
8    impact of its wrongdoing that such documents might otherwise have led workers to discover.

9         27.    Representative Plaintiff and all persons similarly situated are entitled to unpaid
10   compensation, yet, to date, have not received such compensation despite many of the same having
11   been terminated by and/or resigned from Defendant's employ. More than 30 days have passed
12   since certain Class Members have left Defendant's employ.

13        28.    As a consequence of Defendant's willful conduct in not paying former employees
14   compensation for all hours worked in a prompt and timely manner, certain Class Members are
15   entitled to up to 30 days wages as a penalty under California Labor Code § 203, together with
16   attorneys' fees and costs.

17        29.    As a direct and proximate result of Defendant's unlawful conduct, as set forth
18   herein, Representative Plaintiff and Class Members have sustained damages, as described above,
19   including compensation for loss of earnings for hours worked on behalf of Defendant, in an amount
20   to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct,
21   as set forth herein, certain Class Members are entitled to recover "waiting time" penalties (pursuant
22   to California Labor Code § 203) and penalties for failure to provide semimonthly statements of
23   hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an
24   amount to be established at trial. As a further direct and proximate result of Defendant's unlawful
25   conduct, as set forth herein, Representative Plaintiff and Class Members are also entitled to recover
26   costs and attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, among other
27   authorities.

28        30.    Representative Plaintiff seeks injunctive relief prohibiting Defendant from
engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiff

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   also seeks restitution of costs incurred by Representative Plaintiff and Class Members under

2   California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will

3   continue unchecked, while Representative Plaintiff and Class Members bear the financial brunt of

4   Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful

5   conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also entitled to

6   recover costs and attorneys' fees, pursuant to statute.

7   **INDIVIDUAL FACTUAL ALLEGATIONS**

8        31.    Additionally, Defendant and Defendant Camacho discriminated against and

9   harassed Representative Plaintiff based on her sex. Throughout Representative Plaintiff's

10   employment, Representative Plaintiff was subjected to unwanted harassing conduct including

11   disparaging remarks based on Representative Plaintiff's gender, and unwanted touching and, on

12   one occasion, being locked in a closet by and with one of her managers (Defendant Camacho) and

13   prevented from leaving. The unwanted harassing conduct was so severe and pervasive that any

14   reasonable person would have found the work environment hostile and/or abusive. Representative

15   Plaintiff found the work environment hostile and abusive.

16        32.    The unwanted harassing conduct was engaged in and/or endorsed by

17   Representative Plaintiff's supervisors, including managers Doug ("DJ") (last name unknown) and

18   Johnny Camacho and the Defendant.

19        33.    Defendant's managers DJ and Defendant Camacho repeatedly made numerous

20   inappropriate comments to the Representative Plaintiff and other female employees regarding sex.

21   Defendant's managers repeatedly made offensive sexual innuendos regarding Representative

22   Plaintiff, directly toward her and also to other female employees, especially young females (who

23   are also members of the putative class).

24        34.    Defendant's managers also engaged in unwanted touching of the Representative

25   Plaintiff and other female employees.

26        35.    Defendant was on notice of this unwanted harassing conduct and tolerated the

27   behavior by members of management against female employees, including Representative

28   Plaintiff. Rather than attempt to stop the unwanted harassing conduct from occurring, Defendant

    endorsed and ratified the behavior.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

36.    This harassment and the Defendant's endorsement thereof created a hostile work environment which caused Representative Plaintiff serious emotional hardship. Representative Plaintiff was embarrassed and suffered emotional harm because of this treatment.

37.    Prior to filing this Complaint, Representative Plaintiff filed a Complaint against Defendants with the California Department of Fair Employment and Housing ("DFEH"), pursuant to California Government Code § 12960, *et seq.*, alleging the claims set forth in this Complaint. On October 4, 2019 the DFEH issued a "right-to-sue" notice related to Defendant. A subsequent "right-to-sue" notice was issued on October 8, 2019 related to Defendant Camacho. All conditions precedent to the initiation of this lawsuit have been fulfilled. This action is filed within one year of the date the DFEH issued its right to sue letter.

### FIRST CAUSE OF ACTION
### UNLAWFUL FAILURE TO PAY WAGES
### (California Labor Code §§ 200-204, 510, 558, 1194, and 1198; IWC Wage Order)
### (Against Defendant Target Corporation)

38.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

39.    During the limitations period, Representative Plaintiff performed work for Defendant. The number of hours will be proven at trial.

40.    During the limitations period, Defendant refused to compensate Representative Plaintiff for all of the wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

41.    Defendant's conduct, as heretofore detailed, represents underpayment of wages pursuant to California Labor Code § 558 for which Representative Plaintiff seeks damages and/or penalties according to proof.

42.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff has sustained damages, including loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff is entitled to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    recover penalties in amounts to be established at trial, as well as attorneys' fees and costs, and

2    restitution, pursuant to statute.

3

4                          **SECOND CAUSE OF ACTION**
                    **FAILURE TO PROVIDE MEAL AND REST PERIODS**
5                       **(California Labor Code §§ 226.7 and 512)**
                        **(Against Defendant Target Corporation)**

6        43.    Representative Plaintiff incorporates in this cause of action each and every

7    allegation of the preceding paragraphs, with the same force and effect as though fully set forth

8    herein.

9        44.    At all relevant times, Defendant was aware of and were under a duty to comply

10    with California Labor Code § 226.7 and §512.

11       45.    California Labor Code § 226.7 provides:

12             (a)    No employer shall require any employee to work during any
       meal or rest period mandated by an applicable order of the Industrial
13     Welfare Commission.

14             (b)    If an employer fails to provide an employee a meal period or
       rest period in accordance with an applicable order of the Industrial
15     Welfare Commission, the employer shall pay the employee one
       additional hour of pay at the employee's regular rate of
16     compensation for each work day that the meal or rest period is not
       provided.

17
18       46.    Moreover, California Labor Code § 512(a) provides:

19             An employer may not employ an employee for a work period of
       more than five hours per day without providing the employee with
20     a meal period of not less than 30 minutes, except that if the total
       work period per day of the employee is no more than six hours, the
21     meal period may be waived by mutual consent of both the employer
       and employee. An employer may not employ an employee for a
22     work period of more than 10 hours per day without providing the
       employee with a second meal period of not less than 30 minutes,
23     except that if the total hours worked is no more than 12 hours, the
       second meal period may be waived by mutual consent of the
24     employer and the employee only if the first meal period was not
       waived.

25       47.    Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that

26    employers provide all applicable meal and/or rest periods to non-exempt (including exempt-

27    misclassified) employees.

28       48.    Section 11 of the applicable IWC Wage Order provides:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

49.    Moreover, Section 12 of the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

50.    By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Representative Plaintiff and Class Members, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

51.    Representative Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the one hour of compensation to any Class Member due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

52.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.

53.    As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover other penalties, in amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

### THIRD CAUSE OF ACTION
### FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS
#### (California Labor Code §§ 226 and 1174)
#### (Against Defendant Target Corporation)

54.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

55.    California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

56.    Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

57.    Finally, California Labor Code § 1174(d) provides:

> Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

58.    Representative Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions on behalf of herself and on behalf of all Class Members.

59.    Defendant has failed to provide timely, accurate itemized wage statements to the Representative Plaintiff and Class Members in accordance with California Labor Code § 226. Representative Plaintiff is informed and believes and, on that basis, alleges that none of the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  statements provided by Defendant accurately reflected actual gross wages earned, net wages

2  earned, or the appropriate deductions of such Class Members.

3      60.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

4  herein, the Representative Plaintiff and Class Members have sustained damages in an amount to

5  be established at trial and are entitled to recover attorneys' fees and costs of suit.

6

7  **FOURTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES ON TERMINATION**
**(California Labor Code § 203)**

8  **(Against Defendant Target Corporation)**

9      61.    Representative Plaintiff incorporates in this cause of action each and every

10  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

11  herein.

12      62.    California Labor Code § 203 provides that:

13  > If an employer willfully fails to pay, without abatement or reduction, in

14  > accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
> employee who is discharged or who quits, the wages of the employee shall

15  > continue as a penalty from the due date thereof at the same rate until paid or
> until an action therefor is commenced; but the wages shall not continue for

16  > more than 30 days.

17      63.    Numerous Class Members were employed by Defendant during the class period

18  and were thereafter terminated or resigned from their positions, yet they were not paid all premium

19  (overtime) wages due upon said termination or within 72 hours of said resignation of employment

20  therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by

21  Defendant.

22      64.    More than 30 days have elapsed since certain Class Members were involuntarily

23  terminated or voluntarily resigned from Defendant's employ.

24      65.    As a direct and proximate result of Defendant's willful conduct in failing to pay

25  said Class Members for all hours worked, affected Class Members are entitled to recover "waiting

26  time" penalties of up to thirty days' wages pursuant to California Labor Code § 203 in an amount

27  to be established at trial, together with interest thereon, and attorneys' fees and costs.

28  **FIFTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

### (California Business & Professions Code §§ 17200-17208)
### (Against Defendant Target Corporation)

66.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

67.    Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

68.    Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

69.    Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiff and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

### SIXTH CAUSE OF ACTION
### DISCRIMINATION BASED UPON SEX IN VIOLATION OF THE
### CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT
### (California Government Code §§ 12940, et seq.)
### (Against All Defendants)

70.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

71.    Representative Plaintiff brings this action on behalf of herself in her individual capacity exclusively, and not on behalf of any other employees.

72.    At all relevant times, Government Code § 12940, subdivision (a), was in full force and effect, and was binding on Defendants. This section prohibited Defendants from discriminating against an employee on the basis of sex as those terms are defined in Government

1    Code § 12926(r). Within the time provided by law, Representative Plaintiff filed a Complaint with

2    the California Department of Fair Employment and Housing and federal Equal Employment

3    Opportunity Commission, and has received right-to-sue letters therefrom.

4         73.    Defendants violated Government Code § 12940, subdivision (a), in numerous

5    respects, including but not necessarily limited to, discriminating against Representative Plaintiff

6    because of her sex. Such conduct resulted in damage and injury to Representative Plaintiff, as

7    alleged herein.

8         74.    As a proximate result of Defendants' willful, knowing and intentional conduct,

9    Representative Plaintiff has sustained and continued to sustain losses in earnings and other

10   employment benefits.

11        75.    As a further proximate result of Defendants' willful, knowing and intentional

12   conduct, Representative Plaintiff has suffered and continues to suffer humiliation, emotional

13   distress, and mental anguish, all to her damage in a sum according to proof.

14        76.    Representative Plaintiff has incurred and continues to incur legal expenses and

15   attorneys' fees. Representative Plaintiff is presently unaware of the precise amount of such

16   expenses and fees and prays leave of court to amend this Complaint when those amounts are more

17   fully known.

18        77.    Defendant committed the acts alleged herein maliciously, fraudulently, and

19   oppressively, with the wrongful intention of injuring Representative Plaintiff, and acted with an

20   improper and evil motive amounting to malice and in conscious disregard of Representative

21   Plaintiff's rights. Because the acts taken toward Representative Plaintiff were carried out by

22   Defendants acting in a despicable, deliberate, callous and intentional manner in order to injure and

23   damage Representative Plaintiff, she is entitled to recover punitive damages in an amount

24   according to proof.

25                        **SEVENTH CAUSE OF ACTION**
     **FALSE IMPRISONMENT IN VIOLATION OF PENAL CODE SECTION 236**
26                  **(Against Individual Defendant Johnny Camacho)**

27        78.    Representative Plaintiff incorporates in this cause of action each and every

28   allegation of the preceding paragraphs, with the same force and effect as though fully set forth

     herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

79.     Representative Plaintiff brings this action on behalf of herself in her individual capacity exclusively, and not on behalf of any other employees.

80.     Defendant Johnny Camacho violated California Penal Code Section 236 by wrongfully confining Representative Plaintiff and unlawfully violated the personal liberty of Representative Plaintiff.

81.     Defendant Johnny Camacho intentionally deprived Representative Plaintiff of her freedom of movement by use of physical barriers, force, threats of force, menace, fraud, deceit, and/or unreasonable duress.

82.     The restraint described herein compelled Representative Plaintiff to stay confined for an appreciable amount of time.

83.     Representative Plaintiff did not knowingly or voluntarily consent to the restraint.

84.     Representative Plaintiff was actually harmed and Defendant Johnny Camacho's conduct was a substantial factor in causing Representative Plaintiff's harm.

85.     As a proximate result of Defendant Camacho's willful, knowing and intentional conduct, Representative Plaintiff has sustained and continued to sustain damages, including but not limited to losses in earnings and other employment benefits.

86.     As a further proximate result of Defendant Camacho's willful, knowing and intentional conduct, Representative Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental anguish, all to her damage in a sum according to proof.

87.     Representative Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Representative Plaintiff is presently unaware of the precise amount of such expenses and fees and prays leave of court to amend this Complaint when those amounts are more fully known.

88.     Defendant Camacho committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Representative Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of Representative Plaintiff's rights. Because the acts taken toward Representative Plaintiff were carried out by Defendant Camacho acting in a despicable, deliberate, callous and intentional manner in order to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  injure and damage Representative Plaintiff, she is entitled to recover punitive damages in an
2  amount according to proof.

### EIGHTH CAUSE OF ACTION
### HARASSMENT UNDER GOVERNMENT CODE SECTIONS 12940 (I) AND (J)
### (Against All Defendants)

5       89.    Representative Plaintiff incorporates in this cause of action each and every
6  allegation of the preceding paragraphs, with the same force and effect as though fully set forth
7  herein.

8       90.    At all times herein mentioned, FEHA, Government Code Section 12940, was in full
9  force and effect and was binding on Defendants. This statute requires Defendants to refrain from
10 sexually harassing their employees. Within the time provided by law, Representative Plaintiff filed
11 a complaint with the DFEH, in full compliance with administrative requirements, and received a
12 right-to-sue letter.

13      91.    As identified herein, during Representative Plaintiff's employment with
14 Defendants, Defendants engaged in actions that constituted sexual harassment of Representative
15 Plaintiff. These actions created a hostile working environment for Representative Plaintiff.

16      92.    All of these actions were taken against Representative Plaintiff's will and desire
17 and over her protests. These acts of misconduct occurred between August and October of 2019,
18 when Representative Plaintiff's employment with Defendants was constructively terminated.
19 Defendants took no action to prevent the sexual harassment of Representative Plaintiff.

20      93.    As a proximate result of Defendants' willful, knowing, and intentional sexual
21 harassment of Representative Plaintiff, Representative Plaintiff has sustained and continues to
22 sustain damages, including losses of earnings and benefits, according to proof.

23      94.    As a proximate result of Defendants' willful, knowing, and intentional sexual
24 harassment of Representative Plaintiff, Representative Plaintiff has suffered and continues to
25 suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage
26 in a sum according to proof.

27      95.    Defendants' sexual harassment was done intentionally, in a malicious, oppressive,
28 fraudulent manner, entitling Representative Plaintiff to punitive damages.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    96.    Representative Plaintiff has incurred and continues to incur legal expenses and

2    attorneys' fees. Representative Plaintiff is at present unaware of the precise amounts of these

3    expenses and fees and will seek leave of court to amend this Complaint when the amounts are

4    known.

**NINTH CAUSE OF ACTION**
**PRIVATE ATTORNEYS GENERAL ACT CLAIM**
**(California Labor Code §§ 2699)**

7    97.    Representative Plaintiff incorporates in this cause of action each and every

8    allegation of the preceding paragraphs, with the same force and effect as though fully set forth

9    herein.

10    98.    California Labor Code § 2699(a) states:

Notwithstanding any other provision of the law, any provision of this code
that provides for a civil penalty to be assessed and collected by the Labor
and Workforce Development Agency or any of its departments, divisions,
commissions, boards, agencies, or employees, for a violation of this code,
may, as an alternative, be recovered through a civil action brought by an
aggrieved employee on behalf of himself or herself and other current or
former employees. . .

16    99.    Representative Plaintiff (and each and every other Aggrieved Employee) are

17    "aggrieved employees," as defined by California Labor Code § 2699(c), because they were

18    employed by Defendant and were among the many employees against whom violations of law

19    were committed.

20    100.    Representative Plaintiff has met all of the requirements set forth in California Labor

21    Code § 2699.3 necessary to maintain a civil action against Defendant for violations of (and/or

22    recovery under) California Labor Code §§ 200-204, inclusive, 226, 226.7, 512, 558, 1174, 1174.5,

23    and/or 2699.

24    101.    Representative Plaintiff brings this action on behalf of herself and all Aggrieved

25    Employees alleging violations of the California Labor Code sections cited in the preceding

26    paragraph.

27    102.    As a direct and proximate result of Defendants' unlawful conduct, as set forth

28    herein, Representative Plaintiff and Aggrieved Employees are entitled to recover various penalties

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1 | as provided by California Labor Code § 2699, in an amount to be established at trial, as well as

2 | costs and attorneys' fees, pursuant to statute.

3 | ### RELIEF SOUGHT

4 | **WHEREFORE, the Representative Plaintiff**, on behalf of herself and the proposed

5 | Plaintiff Class, prays for judgment and the following specific relief against Defendants as follows:

6 | 1. That the Court declare, adjudge, and decree that this action is a proper class action

7 | and certify the proposed Class and/or any other appropriate subclasses under California Code of

8 | Civil Procedure § 382;

9 | 2. That the Court declare, adjudge, and decree that Defendants willfully violated their

10 | legal duties to pay all wages due under the California Labor Code and the applicable California

11 | Industrial Welfare Commission Wage Orders;

12 | 3. That the Court make an award to the Representative Plaintiff and the Class

13 | Members of one hour of pay at each employee's regular rate of compensation for each workday

14 | that a meal period was not provided;

15 | 4. That the Court make an award to the Representative Plaintiff and the Class

16 | Members of one hour of pay at each employee's regular rate of compensation for each workday

17 | that a rest period was not provided;

18 | 5. That the Court Order Defendants to pay restitution to the Representative Plaintiff

19 | and the Class Members due to Defendants' unlawful activities, pursuant to California Business

20 | and Professions Code §§ 17200-17208;

21 | 6. That the Court further enjoin Defendants, ordering them to cease and desist from

22 | unlawful activities in violation of California Business and Professions Code § 17200, *et seq.*

23 | 7. For all other Orders, findings and determinations identified and sought in this

24 | Complaint;

25 | 8. For punitive damages in an amount to be determined at trial;

26 | 9. For interest on the amount of any and all economic losses, at the prevailing legal

27 | rate;

28 | 10. That the Court make an award to Representative Plaintiff of penalties, pursuant to

California Labor Code §§ 203, 226, 558, and 1174.5, in an amount to be proven at trial;

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1        11.    For reasonable attorneys' fees, pursuant to California Code of Civil Procedure § 

2    1021.5 and other statutes; and

3        12.    For costs of suit and any and all such other relief as the Court deems just and proper.

4                  **<u>JURY DEMAND</u>**

5        Representative Plaintiff, on behalf of herself and the Plaintiff Class, hereby demands a trial 

6    by jury.

7

8    Dated: December 30, 2019             SCOTT COLE & ASSOCIATES, APC

9

10                   By:    *Laura Van Note*

11                           Laura Van Note, Esq.

12                           Attorneys for Representative Plaintiff,
the Plaintiff Class, and Aggrieved Employees

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

# EXHIBIT J

1  Scott Edward Cole, Esq. (S.B. #160744)
   Laura Grace Van Note, Esq. (S.B. #310160)
2  **SCOTT COLE & ASSOCIATES, APC**
   555 12th Street, Suite 1725
3  Oakland, California 94607
   Telephone: (510) 891-9800
4  Facsimile: (510) 891-7030
   Email: scole@scalaw.com
5  Email: lvannote@scalaw.com
   Web: www.scalaw.com
6
   Attorneys for Representative Plaintiff
7  the Plaintiff Class, and Aggrieved Employees

8             **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **IN AND FOR THE COUNTY OF SACRAMENTO**

10

11 DEENA MONROE, individually, and on        **Case No. 34-2019-00266832**
   behalf of all others similarly situated,
12                                            **INDIVIDUAL AND CLASS ACTION**
                    Plaintiff,
13                                            **FIRST AMENDED COMPLAINT FOR**
   vs.                                        **DAMAGES, INJUNCTIVE RELIEF AND**
14                                            **RESTITUTION**
   TARGET CORPORATION, JOHNNY
15 CAMACHO, and DOES 1 through 100,
   inclusive,
16
                    Defendant.               **[JURY TRIAL DEMANDED]**
17

18

19 Representative Plaintiff alleges as follows:

20                          **INTRODUCTION**

21      1.      This is an individual and class action seeking unpaid regular and overtime wages,

22 including unpaid compensation for meal and/or rest period violations, interest thereon, liquidated

23 damages and other penalties, injunctive and other equitable relief, and reasonable attorneys' fees

24 and costs under, *inter alia*, California Labor Code §§ 98.6, 200-204, inclusive, 226, 226.7, 226.8,

25 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1198, 2802, California Business and Professions

26 Code §§ 17200, *et seq.* and California Code of Civil Procedure § 1021.5. Plaintiff Deena Monroe

27 ("Representative Plaintiff") brings this action on behalf of herself and all other persons similarly

28 situated ("Class Members" and/or the "Plaintiff Class") who are or have been employed by

   defendant Target Corporation ("Defendant") as non-exempt employees within the State of

SMRH:4812-7553-9887.1                    -1-

1   California within the applicable class period. Representative Plaintiff also brings claims as an

2   individual against one of her managers, Johnny Camacho ("Defendant Camacho"). Target

3   Corporation and Johnny Camacho will be referred to, collectively, as "Defendants".

4       2.      For the class allegations, the period is designated as the time from October 11, 2015

5   through trial, based upon the allegation that the violations of California's wage and hour laws, as

6   described more fully below, have been ongoing throughout that time.

7       3.      During the class period, Defendant has had a consistent policy of (1) unlawfully

8   denying Representative Plaintiff and Class Members statutorily-mandated meal and rest periods,

9   (2) willfully failing to provide Representative Plaintiff and Class Members with accurate

10  semimonthly itemized wage statements reflecting the total number of hours each worked, the

11  applicable deductions, and the applicable hourly rates in effect during the pay period and (3)

12  willfully failing to pay compensation in a prompt and timely manner to Representative Plaintiff

13  and those Class Members whose employment with Defendant has terminated.

14      4.      Defendant operates a chain of retail stores within California for which

15  Representative Plaintiff worked as a non-exempt employee. The Representative Plaintiff is

16  informed and believes and, on that basis, alleges that, within the Class Period, Defendant employed

17  dozens of individuals in California in recent years to work in its stores, employment positions

18  which did not, and currently do not, meet any known test for exemption from the payment of

19  overtime wages and/or the entitlement to meal or rest periods.

20      5.      Despite actual knowledge of these facts and legal mandates, Defendant has and

21  continues to enjoy an advantage over its competition and a resultant disadvantage to its workers

22  by electing not to pay all wages due (missed meal and rest period compensation) and/or all

23  penalties due (including "waiting time" penalties) to its California based non-exempt employees.

24      6.      Representative Plaintiff is informed and believes and, based thereon, alleges that

25  Defendant's officers knew of these facts and legal mandates yet, nonetheless, repeatedly

26  authorized and/or ratified the violation of the laws cited herein.

27      7.      Despite Defendant's knowledge of Class Members' entitlement to meal and/or rest

28  periods for all applicable work periods, Defendant failed to provide the same to Class Members,

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   in violation of California state statutes, the applicable California Industrial Welfare Commission

2   Wage Order, and Title 8 of the California Code of Regulations.

3        8.     This action is brought to redress and end this prolonged pattern of unlawful conduct

4   once and for all.

5   **JURISDICTION AND VENUE**

6        9.     This Court has jurisdiction over the Representative Plaintiff's and Class Members'

7   claims for unpaid wages, expenses and/or penalties under, *inter alia*, the applicable Industrial

8   Welfare Commission Wage Order, Title 8 of the California Code of Regulations, various sections

9   of the California Labor Code, and/or the California Code of Civil Procedure § 1021.5.

10        10.     Additionally, this Court has jurisdiction over the Representative Plaintiff's and

11   Class Members' claims for injunctive relief and restitution of ill-gotten benefits arising from

12   Defendant's unfair and/or fraudulent business practices under California Business & Professions

13   Code § 17200, *et seq.*

14        11.     Finally, this Court has jurisdiction over the Representative Plaintiff's individual

15   claims for damages and penalties.

16        12.     Venue as to Defendant is proper in this judicial district pursuant to California Code

17   of Civil Procedure § 395(a). Defendant owns and operates a chain of retail stores with locations

18   within the County of Sacramento (where Representative Plaintiff and numerous Class Members

19   worked), transacts business, has agents, and is otherwise within this Court's jurisdiction for

20   purposes of service of process. The unlawful acts alleged herein have and have had a direct effect

21   on Representative Plaintiff and those similarly situated within the State of California and within

22   the County of Sacramento.

23   **PLAINTIFF**

24        13.     Representative Plaintiff Deena Monroe is a natural person who was employed by

25   Defendant as a non-exempt worker during the Class Period.

26        14.     In these capacities, Representative Plaintiff is and was entitled to full, uninterrupted

27   and statutorily-mandated meal and rest periods, as well as other benefits of employment as set

28   forth herein.

**DEFENDANTS**

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

15.    Representative Plaintiff is informed and believes and, based thereon, alleges that, at all times herein relevant, defendant Target Corporation did business within the State of California operating a chain of retail stores.

16.    Defendant Camacho was employed by Target Corporation as a manager, with supervisory responsibilities over Representative Plaintiff throughout her employment.

17.    Those defendants identified as Does 1 through 100, inclusive, are and were, at all relevant times herein-mentioned, officers, directors, partners, and/or managing agents of some or each of the remaining defendants. Representative Plaintiff is informed and believes and, on that basis, alleges that at all relevant times herein mentioned, Target Corporation and those identified as Does 1 through 100, inclusive, employed, and/or exercised control over the wages, hours, and/or working conditions of the Representative Plaintiff and Class Members within the State of California.

18.    The Representative Plaintiff is unaware of the true names and capacities of those defendants sued herein as Does 1 through 100, inclusive and, therefore, sues these defendants by such fictitious names. The Representative Plaintiff will seek leave of court to amend this Complaint when such names are ascertained. The Representative Plaintiff is informed and believes and, on that basis, alleges that each of the fictitiously-named defendants was responsible in some manner for, gave consent to, ratified, and/or authorized the conduct herein alleged and that the Representative Plaintiff's and Class Members' damages, as herein alleged, were proximately caused thereby.

19.    Representative Plaintiff is informed and believes and, on that basis, alleges that, at all relevant times herein mentioned, each of the defendants was the agent and/or employee of each of the remaining defendants and, in doing the acts herein alleged, was acting within the course and scope of such agency and/or employment.

## CLASS ACTION ALLEGATIONS

20.    The Representative Plaintiff brings this action on behalf of herself and as a class action on behalf of all persons similarly situated and proximately damaged by Defendant's conduct including, but not necessarily limited to, the following Plaintiff Class:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

"All persons employed by Defendant as a non-exempt employee in California at any time on or after October 11, 2015"

21. Defendant's officers and directors are excluded from the Plaintiff Class.

22. This action has been brought and may properly be maintained as a class action under California Code of Civil Procedure § 382 because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

 a. Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Class are so numerous that joinder of all members is impractical, if not impossible, insofar as Representative Plaintiff is informed and believes and, on that basis, alleges that there are sufficient Class Members to meet the numerosity requirement. Membership in the Class will be determined upon analysis of employee and payroll, among other, records maintained by Defendant.

 b. Commonality: The Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

  1) Whether Defendant violated California Business and Professions Code § 17200, *et seq.* by failing to provide meal and/or rest breaks to Class Members working eligible shifts;

  2) Whether Defendant violated California Labor Code § 1174 by failing to keep accurate records of employees' hours of work;

  3) Whether Defendant violated California Labor Code §§ 201-204 by failing to pay wages due and owing at the time that certain Class Members' employment with Defendant terminated;

  4) Whether Defendant violated California Labor Code § 226 by failing to provide semimonthly itemized statements to Class Members of total hours worked by each and all applicable hourly rates in effect during the pay period; and

  5) Whether Class Members are entitled to "waiting time" penalties, pursuant to California Labor Code § 203.

 c. Typicality: The Representative Plaintiff's claims are typical of the claims of Class Members. The Representative Plaintiff and Class Members sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

 d. Adequacy of Representation: The Representative Plaintiff in this class action is an adequate representative of the Plaintiff Class in that the Representative Plaintiff's claims are typical of those of the

Plaintiff Class and the Representative Plaintiff has the same interest in the litigation of this case as the Class Members. The Representative Plaintiff is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. The Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to Class Members as a whole. The Representative Plaintiff anticipates no management difficulties in this litigation.

e.    Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for Class Members to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought, or be required to be brought, by each individual Class Member, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

## COMMON FACTUAL ALLEGATIONS

23.    As described herein, for years, Defendant has knowingly failed to adequately compensate those employees within the class definition identified above for all wages earned (including premium wages such as compensation for missed meal and/or rest periods) under the California Labor Code and the applicable IWC Wage Order, thereby enjoying a significant competitive edge over other service providers.

24.    Defendant has declined to pay these wages, even upon a Class Member's termination or resignation from employment, in blatant violation of California Labor Code §§ 201 and/or 202.

25.    California Labor Code §§ 201 and 202 require Defendant to pay severed employees all wages due and owed to the employee immediately upon discharge or within 72 hours of resignation of their positions, in most circumstances. California Labor Code § 203 provides that an employer who willfully fails to timely pay such wages must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, and the payment of such penalty shall continue for a period of time up to 30 days.

26.    Furthermore, despite its knowledge of the Representative Plaintiff's and the Class Members' entitlement to compensation for all hours worked, Defendant violated California Labor

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SMRH:4812-7553-9887.1                    -6-

Code § 1174(d) by failing to provide or require the use, maintenance, or submission of time records by members of the Plaintiff Class. Defendant also failed to provide the Representative Plaintiff and Class Members with accurate semimonthly itemized statements of the total number of hours worked by each, and all applicable hourly rates in effect, during the pay period, in violation of California Labor Code § 226. In failing to provide the required documents, Defendant has not only failed to pay its workers the full amount of compensation due, but the company has also, until now, effectively shielded itself from its employees' scrutiny by concealing the magnitude and financial impact of its wrongdoing that such documents might otherwise have led workers to discover.

27.    Representative Plaintiff and all persons similarly situated are entitled to unpaid compensation, yet, to date, have not received such compensation despite many of the same having been terminated by and/or resigned from Defendant's employ. More than 30 days have passed since certain Class Members have left Defendant's employ.

28.    As a consequence of Defendant's willful conduct in not paying former employees compensation for all hours worked in a prompt and timely manner, certain Class Members are entitled to up to 30 days wages as a penalty under California Labor Code § 203, together with attorneys' fees and costs.

29.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, as described above, including compensation for loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover "waiting time" penalties (pursuant to California Labor Code § 203) and penalties for failure to provide semimonthly statements of hours worked and all applicable hourly rates (pursuant to California Labor Code § 226) in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members are also entitled to recover costs and attorneys' fees pursuant to California Code of Civil Procedure § 1021.5, among other authorities.

30.    Representative Plaintiff seeks injunctive relief prohibiting Defendant from engaging in the complained-of illegal labor acts and practices in the future. Representative Plaintiff

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  also seeks restitution of costs incurred by Representative Plaintiff and Class Members under

2  California's Unfair Competition Law. Unless enjoined, Defendant's unlawful conduct will

3  continue unchecked, while Representative Plaintiff and Class Members bear the financial brunt of

4  Defendant's unlawful conduct. As a further direct and proximate result of Defendant's unlawful

5  conduct, as set forth herein, Representative Plaintiff and the Plaintiff Class are also entitled to

6  recover costs and attorneys' fees, pursuant to statute.

7  **INDIVIDUAL FACTUAL ALLEGATIONS**

8      31.    Additionally, Defendant and Defendant Camacho discriminated against and

9  harassed Representative Plaintiff based on her sex. Throughout Representative Plaintiff's

10 employment, Representative Plaintiff was subjected to unwanted harassing conduct including

11 disparaging remarks based on Representative Plaintiff's gender, and unwanted touching and, on

12 one occasion, being locked in a closet by and with one of her managers (Defendant Camacho) and

13 prevented from leaving. The unwanted harassing conduct was so severe and pervasive that any

14 reasonable person would have found the work environment hostile and/or abusive. Representative

15 Plaintiff found the work environment hostile and abusive.

16     32.    The unwanted harassing conduct was engaged in and/or endorsed by

17 Representative Plaintiff's supervisors, including managers Doug ("DJ") (last name unknown) and

18 Johnny Camacho and the Defendant.

19     33.    Defendant's managers DJ and Defendant Camacho repeatedly made numerous

20 inappropriate comments to the Representative Plaintiff and other female employees regarding sex.

21 Defendant's managers repeatedly made offensive sexual innuendos regarding Representative

22 Plaintiff, directly toward her and also to other female employees, especially young females (who

23 are also members of the putative class).

24     34.    Defendant's managers also engaged in unwanted touching of the Representative

25 Plaintiff and other female employees.

26     35.    Defendant was on notice of this unwanted harassing conduct and tolerated the

27 behavior by members of management against female employees, including Representative

28 Plaintiff. Rather than attempt to stop the unwanted harassing conduct from occurring, Defendant

endorsed and ratified the behavior.

SMRH:4812-7553-9887.1                          -8-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

36.     This harassment and the Defendant's endorsement thereof created a hostile work environment which caused Representative Plaintiff serious emotional hardship. Representative Plaintiff was embarrassed and suffered emotional harm because of this treatment.

37.     Prior to filing this Complaint, Representative Plaintiff filed a Complaint against Defendants with the California Department of Fair Employment and Housing ("DFEH"), pursuant to California Government Code § 12960, *et seq.*, alleging the claims set forth in this Complaint. On October 4, 2019 the DFEH issued a "right-to-sue" notice related to Defendant. A subsequent "right-to-sue" notice was issued on October 8, 2019 related to Defendant Camacho. All conditions precedent to the initiation of this lawsuit have been fulfilled. This action is filed within one year of the date the DFEH issued its right to sue letter.

**FIRST CAUSE OF ACTION**
**UNLAWFUL FAILURE TO PAY WAGES**
**(California Labor Code §§ 200-204, 510, 558, 1194, and 1198; IWC Wage Order)**
**(Against Defendant Target Corporation)**

38.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

39.     During the limitations period, Representative Plaintiff performed work for Defendant. The number of hours will be proven at trial.

40.     During the limitations period, Defendant refused to compensate Representative Plaintiff for all of the wages earned, in violation of the applicable IWC Wage Order and provisions of the California Labor Code.

41.     Defendant's conduct, as heretofore detailed, represents underpayment of wages pursuant to California Labor Code § 558 for which Representative Plaintiff seeks damages and/or penalties according to proof.

42.     As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff has sustained damages, including loss of earnings for hours worked on behalf of Defendant, in an amount to be established at trial. As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff is entitled to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    recover penalties in amounts to be established at trial, as well as attorneys' fees and costs, and

2    restitution, pursuant to statute.

### SECOND CAUSE OF ACTION
### FAILURE TO PROVIDE MEAL AND REST PERIODS
#### (California Labor Code §§ 226.7 and 512)
#### (Against Defendant Target Corporation)

6    43.    Representative Plaintiff incorporates in this cause of action each and every

7    allegation of the preceding paragraphs, with the same force and effect as though fully set forth

8    herein.

9    44.    At all relevant times, Defendant was aware of and were under a duty to comply

10    with California Labor Code § 226.7 and §512.

11    45.    California Labor Code § 226.7 provides:

12        (a)    No employer shall require any employee to work during any
      meal or rest period mandated by an applicable order of the Industrial
13        Welfare Commission.

14        (b)    If an employer fails to provide an employee a meal period or
      rest period in accordance with an applicable order of the Industrial
15        Welfare Commission, the employer shall pay the employee one
      additional hour of pay at the employee's regular rate of
16        compensation for each work day that the meal or rest period is not
      provided.

17    46.    Moreover, California Labor Code § 512(a) provides:

18        An employer may not employ an employee for a work period of
      more than five hours per day without providing the employee with
19        a meal period of not less than 30 minutes, except that if the total
      work period per day of the employee is no more than six hours, the
20        meal period may be waived by mutual consent of both the employer
      and employee. An employer may not employ an employee for a
21        work period of more than 10 hours per day without providing the
      employee with a second meal period of not less than 30 minutes,
22        except that if the total hours worked is no more than 12 hours, the
      second meal period may be waived by mutual consent of the
23        employer and the employee only if the first meal period was not
      waived.
24

25    47.    Sections 11 and 12, respectively, of the applicable IWC Wage Order mandate that

26    employers provide all applicable meal and/or rest periods to non-exempt (including exempt-

27    misclassified) employees.

28    48.    Section 11 of the applicable IWC Wage Order provides:

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

(A) No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes...

(B) An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes...

(C) If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

49.    Moreover, Section 12 of the applicable IWC Wage Order provides:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof ....

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

50.    By failing to consistently provide uninterrupted thirty-minute meal periods within the first five hours of work each day and/or uninterrupted net ten-minute rest periods to Representative Plaintiff and Class Members, Defendant violated the California Labor Code and applicable IWC Wage Order provisions.

51.    Representative Plaintiff is informed and believes and, on that basis, alleges that Defendant has never paid the one hour of compensation to any Class Member due to its violations of the California Labor Code and applicable IWC Wage Order provisions.

52.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Representative Plaintiff and Class Members have sustained damages, including lost compensation resulting from missed meal and/or rest periods, in an amount to be established at trial.

53.    As a further direct and proximate result of Defendant's unlawful conduct, as set forth herein, certain Class Members are entitled to recover other penalties, in amounts to be established at trial, as well as recovery of attorneys' fees and costs, pursuant to statute.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**THIRD CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS**
**(California Labor Code §§ 226 and 1174)**
**(Against Defendant Target Corporation)**

54.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

55.     California Labor Code § 226(a) provides:

> Each employer shall semimonthly, or at the time of each payment of wages, furnish each of his or her employees either as a detachable part of the check, draft or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an itemized wage statement in writing showing: (1) gross wages earned; (2) total number of hours worked by each employee whose compensation is based on an hourly wage; (3) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item; (4) net wages earned; (5) the inclusive date of the period for which the employee is paid; (6) the name of the employee and his or her social security number; and (7) the name and address of the legal entity which is the employer.

56.     Moreover, California Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

57.     Finally, California Labor Code § 1174(d) provides:

> Every person employing labor in this state shall. . . [k]eep, at a central location in the state...payroll records showing the hours worked daily by and the wages paid to...employees.... These records shall be kept in accordance with rules established for this purpose by the commission, but in any case shall be kept on file for not less than two years.

58.     Representative Plaintiff seeks to recover actual damages, costs, and attorneys' fees under these provisions on behalf of herself and on behalf of all Class Members.

59.     Defendant has failed to provide timely, accurate itemized wage statements to the Representative Plaintiff and Class Members in accordance with California Labor Code § 226. Representative Plaintiff is informed and believes and, on that basis, alleges that none of the

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    statements provided by Defendant accurately reflected actual gross wages earned, net wages

2    earned, or the appropriate deductions of such Class Members.

3        60.    As a direct and proximate result of Defendant's unlawful conduct, as set forth

4    herein, the Representative Plaintiff and Class Members have sustained damages in an amount to

5    be established at trial and are entitled to recover attorneys' fees and costs of suit.

6

7

8

**FOURTH CAUSE OF ACTION**
**FAILURE TO PAY WAGES ON TERMINATION**
**(California Labor Code § 203)**
**(Against Defendant Target Corporation)**

9        61.    Representative Plaintiff incorporates in this cause of action each and every

10    allegation of the preceding paragraphs, with the same force and effect as though fully set forth

11    herein.

12        62.    California Labor Code § 203 provides that:

13            If an employer willfully fails to pay, without abatement or reduction, in

14            accordance with Sections 201, 201.5, 202, and 205.5, any wages of an
             employee who is discharged or who quits, the wages of the employee shall

15            continue as a penalty from the due date thereof at the same rate until paid or
             until an action therefor is commenced; but the wages shall not continue for

16            more than 30 days.

17        63.    Numerous Class Members were employed by Defendant during the class period

18    and were thereafter terminated or resigned from their positions, yet they were not paid all premium

19    (overtime) wages due upon said termination or within 72 hours of said resignation of employment

20    therefrom. Said non-payment was the direct and proximate result of a willful refusal to do so by

21    Defendant.

22        64.    More than 30 days have elapsed since certain Class Members were involuntarily

23    terminated or voluntarily resigned from Defendant's employ.

24        65.    As a direct and proximate result of Defendant's willful conduct in failing to pay

25    said Class Members for all hours worked, affected Class Members are entitled to recover "waiting

26    time" penalties of up to thirty days' wages pursuant to California Labor Code § 203 in an amount

27    to be established at trial, together with interest thereon, and attorneys' fees and costs.

28

**FIFTH CAUSE OF ACTION**
**UNFAIR BUSINESS PRACTICES UNDER THE UNFAIR COMPETITION ACT**

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**(California Business & Professions Code §§ 17200-17208)**
**(Against Defendant Target Corporation)**

66.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

67.    Representative Plaintiff further brings this cause of action seeking equitable and statutory relief to stop Defendant's misconduct, as complained of herein, and to seek restitution of the amounts Defendant acquired through the unfair, unlawful, and fraudulent business practices described herein.

68.    Defendant's knowing conduct, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§ 17200-17208. Specifically, Defendants conducted business activities while failing to comply with the legal mandates cited herein.

69.    Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to the Representative Plaintiff and to Class Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices, ordinarily borne by its responsible competitors and as set forth in legislation and the judicial record.

**SIXTH CAUSE OF ACTION**
**DISCRIMINATION BASED UPON SEX IN VIOLATION OF THE**
**CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
**(California Government Code §§ 12940, *et seq.*)**
**(Against All Defendants)**

70.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

71.    Representative Plaintiff brings this action on behalf of herself in her individual capacity exclusively, and not on behalf of any other employees.

72.    At all relevant times, Government Code § 12940, subdivision (a), was in full force and effect, and was binding on Defendants. This section prohibited Defendants from discriminating against an employee on the basis of sex as those terms are defined in Government

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1  Code § 12926(r). Within the time provided by law, Representative Plaintiff filed a Complaint with

2  the California Department of Fair Employment and Housing and federal Equal Employment

3  Opportunity Commission, and has received right-to-sue letters therefrom.

4      73.    Defendants violated Government Code § 12940, subdivision (a), in numerous

5  respects, including but not necessarily limited to, discriminating against Representative Plaintiff

6  because of her sex. Such conduct resulted in damage and injury to Representative Plaintiff, as

7  alleged herein.

8      74.    As a proximate result of Defendants' willful, knowing and intentional conduct,

9  Representative Plaintiff has sustained and continued to sustain losses in earnings and other

10  employment benefits.

11      75.    As a further proximate result of Defendants' willful, knowing and intentional

12  conduct, Representative Plaintiff has suffered and continues to suffer humiliation, emotional

13  distress, and mental anguish, all to her damage in a sum according to proof.

14      76.    Representative Plaintiff has incurred and continues to incur legal expenses and

15  attorneys' fees. Representative Plaintiff is presently unaware of the precise amount of such

16  expenses and fees and prays leave of court to amend this Complaint when those amounts are more

17  fully known.

18      77.    Defendant committed the acts alleged herein maliciously, fraudulently, and

19  oppressively, with the wrongful intention of injuring Representative Plaintiff, and acted with an

20  improper and evil motive amounting to malice and in conscious disregard of Representative

21  Plaintiff's rights. Because the acts taken toward Representative Plaintiff were carried out by

22  Defendants acting in a despicable, deliberate, callous and intentional manner in order to injure and

23  damage Representative Plaintiff, she is entitled to recover punitive damages in an amount

24  according to proof.

25                    **SEVENTH CAUSE OF ACTION**
     **FALSE IMPRISONMENT IN VIOLATION OF PENAL CODE SECTION 236**
26              **(Against Individual Defendant Johnny Camacho)**

27      78.    Representative Plaintiff incorporates in this cause of action each and every

28  allegation of the preceding paragraphs, with the same force and effect as though fully set forth

   herein.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    79.    Representative Plaintiff brings this action on behalf of herself in her individual

2  capacity exclusively, and not on behalf of any other employees.

3    80.    Defendant Johnny Camacho violated California Penal Code Section 236 by

4  wrongfully confining Representative Plaintiff and unlawfully violated the personal liberty of

5  Representative Plaintiff.

6    81.    Defendant Johnny Camacho intentionally deprived Representative Plaintiff of her

7  freedom of movement by use of physical barriers, force, threats of force, menace, fraud, deceit,

8  and/or unreasonable duress.

9    82.    The restraint described herein compelled Representative Plaintiff to stay confined

10  for an appreciable amount of time.

11    83.    Representative Plaintiff did not knowingly or voluntarily consent to the restraint.

12    84.    Representative Plaintiff was actually harmed and Defendant Johnny Camacho's

13  conduct was a substantial factor in causing Representative Plaintiff's harm.

14    85.    As a proximate result of Defendant Camacho's willful, knowing and intentional

15  conduct, Representative Plaintiff has sustained and continued to sustain damages, including but

16  not limited to losses in earnings and other employment benefits.

17    86.    As a further proximate result of Defendant Camacho's willful, knowing and

18  intentional conduct, Representative Plaintiff has suffered and continues to suffer humiliation,

19  emotional distress, and mental anguish, all to her damage in a sum according to proof.

20    87.    Representative Plaintiff has incurred and continues to incur legal expenses and

21  attorneys' fees. Representative Plaintiff is presently unaware of the precise amount of such

22  expenses and fees and prays leave of court to amend this Complaint when those amounts are more

23  fully known.

24    88.    Defendant Camacho committed the acts alleged herein maliciously, fraudulently,

25  and oppressively, with the wrongful intention of injuring Representative Plaintiff, and acted with

26  an improper and evil motive amounting to malice and in conscious disregard of Representative

27  Plaintiff's rights. Because the acts taken toward Representative Plaintiff were carried out by

28  Defendant Camacho acting in a despicable, deliberate, callous and intentional manner in order to

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    injure and damage Representative Plaintiff, she is entitled to recover punitive damages in an

2    amount according to proof.

### EIGHTH CAUSE OF ACTION
### HARASSMENT UNDER GOVERNMENT CODE SECTIONS 12940 (I) AND (J)
### (Against All Defendants)

89.    Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

90.    At all times herein mentioned, FEHA, Government Code Section 12940, was in full force and effect and was binding on Defendants. This statute requires Defendants to refrain from sexually harassing their employees. Within the time provided by law, Representative Plaintiff filed a complaint with the DFEH, in full compliance with administrative requirements, and received a right-to-sue letter.

91.    As identified herein, during Representative Plaintiff's employment with Defendants, Defendants engaged in actions that constituted sexual harassment of Representative Plaintiff. These actions created a hostile working environment for Representative Plaintiff.

92.    All of these actions were taken against Representative Plaintiff's will and desire and over her protests. These acts of misconduct occurred between August and October of 2019, when Representative Plaintiff's employment with Defendants was constructively terminated. Defendants took no action to prevent the sexual harassment of Representative Plaintiff.

93.    As a proximate result of Defendants' willful, knowing, and intentional sexual harassment of Representative Plaintiff, Representative Plaintiff has sustained and continues to sustain damages, including losses of earnings and benefits, according to proof.

94.    As a proximate result of Defendants' willful, knowing, and intentional sexual harassment of Representative Plaintiff, Representative Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in a sum according to proof.

95.    Defendants' sexual harassment was done intentionally, in a malicious, oppressive, fraudulent manner, entitling Representative Plaintiff to punitive damages.

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

96.     Representative Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Representative Plaintiff is at present unaware of the precise amounts of these expenses and fees and will seek leave of court to amend this Complaint when the amounts are known.

## NINTH CAUSE OF ACTION
## PRIVATE ATTORNEYS GENERAL ACT CLAIM
### (California Labor Code §§ 2699)

97.     Representative Plaintiff incorporates in this cause of action each and every allegation of the preceding paragraphs, with the same force and effect as though fully set forth herein.

98.     California Labor Code § 2699(a) states:

> Notwithstanding any other provision of the law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees. . .

99.     Representative Plaintiff (and each and every other Aggrieved Employee) are "aggrieved employees," as defined by California Labor Code § 2699(c), because they were employed by Defendant and were among the many employees against whom violations of law were committed.

100.     Representative Plaintiff has met all of the requirements set forth in California Labor Code § 2699.3 necessary to maintain a civil action against Defendant for violations of (and/or recovery under) California Labor Code §§ 200-204, inclusive, 226, 226.7, 512, 558, 1174, 1174.5, and/or 2699.

101.     Representative Plaintiff brings this action on behalf of herself and all Aggrieved Employees alleging violations of the California Labor Code sections cited in the preceding paragraph.

102.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Representative Plaintiff and Aggrieved Employees are entitled to recover various penalties

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1    as provided by California Labor Code § 2699, in an amount to be established at trial, as well as

2    costs and attorneys' fees, pursuant to statute.

3    **RELIEF SOUGHT**

4    **WHEREFORE, the Representative Plaintiff**, on behalf of herself and the proposed

5    Plaintiff Class, prays for judgment and the following specific relief against Defendants as follows:

6    1.    That the Court declare, adjudge, and decree that this action is a proper class action

7    and certify the proposed Class and/or any other appropriate subclasses under California Code of

8    Civil Procedure § 382;

9    2.    That the Court declare, adjudge, and decree that Defendants willfully violated their

10    legal duties to pay all wages due under the California Labor Code and the applicable California

11    Industrial Welfare Commission Wage Orders;

12    3.    That the Court make an award to the Representative Plaintiff and the Class

13    Members of one hour of pay at each employee's regular rate of compensation for each workday

14    that a meal period was not provided;

15    4.    That the Court make an award to the Representative Plaintiff and the Class

16    Members of one hour of pay at each employee's regular rate of compensation for each workday

17    that a rest period was not provided;

18    5.    That the Court Order Defendants to pay restitution to the Representative Plaintiff

19    and the Class Members due to Defendants' unlawful activities, pursuant to California Business

20    and Professions Code §§ 17200-17208;

21    6.    That the Court further enjoin Defendants, ordering them to cease and desist from

22    unlawful activities in violation of California Business and Professions Code § 17200, *et seq.*

23    7.    For all other Orders, findings and determinations identified and sought in this

24    Complaint;

25    8.    For punitive damages in an amount to be determined at trial;

26    9.    For interest on the amount of any and all economic losses, at the prevailing legal

27    rate;

28    10.    That the Court make an award to Representative Plaintiff of penalties, pursuant to

California Labor Code §§ 203, 226, 558, and 1174.5, in an amount to be proven at trial;

SMRH:4812-7553-9887.1    -19-

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1     11.    For reasonable attorneys' fees, pursuant to California Code of Civil Procedure §

2  1021.5 and other statutes; and

3     12.    For costs of suit and any and all such other relief as the Court deems just and proper.

<u>**JURY DEMAND**</u>

4

5     Representative Plaintiff, on behalf of herself and the Plaintiff Class, hereby demands a trial

6  by jury.

7

8  Dated: December 30, 2019            SCOTT COLE & ASSOCIATES, APC

9

10                     By: *Laura Van Note*

11                        Laura Van Note, Esq.
                              Attorneys for Representative Plaintiff,

12                          the Plaintiff Class, and Aggrieved Employees

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

Scott Edward Cole, Esq. (S.B. #160744)
Laura Van Note, Esq. (S.B. #310160)
**SCOTT COLE & ASSOCIATES, APC**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone: (510) 891-9800
Facsimile: (510) 891-7030
Email:  scole@scalaw.com
Email:  lvannote@scalaw.com
Web:    www.scalaw.com

Attorneys for Representative Plaintiff
the Plaintiff Class, and Aggrieved Employees

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

# IN AND FOR THE COUNTY OF SACRAMENTO

| | |
|---|---|
| DEENA MONROE, individually, and on behalf of all others similarly situated, | **Case No. 34-2019-00266832** |
| Plaintiff, | **INDIVIDUAL AND CLASS ACTION** |
| vs. | **PROOF OF SERVICE** |
| TARGET CORPORATION, JOHNNY CAMACHO, and DOES 1 through 100, inclusive, | |
| Defendant. | |

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

SCOTT COLE & ASSOCIATES, APC
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   **PROOF OF SERVICE**

2   I am over 18 years of age, not a party to the above-captioned action, am employed by the law firm of Scott Cole & Associates, APC, 555 12th St., Suite 1725, Oakland, California 94607.

3   On this date, I served a copy of:

4   **FIRST AMENDED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF AND RESTITUTION**

5

6

7   X | By depositing the document(s) with the United States Postal Service, with postage fully prepaid, addressed as indicated below, in the same day in the ordinary course of business.

8   By transmitting via facsimile, the document(s) listed above to the fax number(s) below on this date before 5:00 p.m. PST.

9

10   By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent this day for delivery.

11   By personally delivering the document(s) to the person(s) at the address(es) below.

12   By transmitting via e-mail the document(s) to the person(s) at the e-mail address(es) below.

13   By electronically filing with the Clerk of the Court using the CM/ECF System which will automatically generate a Notice of Electronic Filing at the time said document is filed to the email address(es) listed in the Electronic Mail Notice List and denoted below, which constitutes service pursuant to FRCP 5(b)(3).

14

15   By uploading the document(s) to the third-party document management/service company, court-approved for purposes of this litigation.

16

17

18   on the following person(s):

19   Samantha C. Grant
     Babak Yousefzadeh

20   Victoria L. Tallman
     SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

21   Four Embarcadero, 17th Floor
     San Francisco, CA 94111

22   I declare under penalty of perjury under the laws of the United States and the State of California the foregoing is true and correct. Executed in Oakland, California on January 3, 2020.

23

24

25   _Leslie Irwin_
     Leslie Irwin

26

27

28

# EXHIBIT K

1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
2       Including Professional Corporations
    SAMANTHA C. GRANT, Cal. Bar No. 198130
3   1901 Avenue of the Stars, Suite 1600
    Los Angeles, California, 90067-6055
4   Telephone:    310.228.3700
    Facsimile:    310.228.3701
5   Email:        SGrant@sheppardmullin.com

6   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
        A Limited Liability Partnership
7       Including Professional Corporations
    BABAK YOUSEFZADEH, Cal. Bar No. 235974
8   VICTORIA L. TALLMAN, Cal. Bar No. 273252
    Four Embarcadero, 17th Floor
9   San Francisco, California 94111
    Telephone:    415.434.9100
10  Facsimile:    415.434.3947
    Email:        BYousefzadeh@sheppardmullin.com
11                VTallman@sheppardmullin.com

12  Attorneys for Defendant
    TARGET CORPORATION

13

14          IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

15              IN AND FOR THE COUNTY OF SACRAMENTO

16

17  DEENA MONROE, individually, and on          Case No. 34-2019-00266832-CU-OE-GDS
    behalf of all others similarly situated,
18                                              **DEFENDANT TARGET
                    Plaintiff,                  CORPORATION'S ANSWER TO
19                                              PLAINTIFF DEENA MONROE'S FIRST
            v.                                  AMENDED COMPLAINT FOR
20                                              DAMAGES**
    TARGET CORPORATION, JOHNNY
21  CAMACHO, and DOES 1 through 100,
    inclusive,                                  Complaint Filed:  October 11, 2019
22
                    Defendants.
23

24

25

26

27

28

Defendant Target Corporation ("Defendant") submits this Answer to the allegations contained in the unverified First Amended Complaint of Plaintiff Deena Monroe ("Plaintiff"), as follows:

### GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.30(d), Defendant denies, both generally and specifically, each and every allegation in the Complaint, and specifically denies that Plaintiff has been, is, or will be damaged in the amount alleged, or in any manner or sum whatsoever, or entitled to any recovery or remedy of any type whatsoever, by reason of any of Defendant's acts, conduct, or omissions.

### SEPARATE AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that any of the following are in fact defenses upon which Defendant has any burden of proof as opposed to denials of matters as to which Plaintiff has the burden of proof, or that Defendant has any burden of proof at all, Defendant hereby asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Claim)

1.    The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

2.    The Complaint, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statutes of limitations, including but not limited to those set forth in Code of Civil Procedure sections 335.1, 338(a), 339, 340(a)-(c), and 343, Government Code sections 12960 and 12965(b), and California Business & Professions Code Section 17208.

### THIRD AFFIRMATIVE DEFENSE

#### (Failure to Exhaust)

3.    The Complaint, and each purported cause of action therein, is barred in whole or in part to the extent that Plaintiff failed to timely and completely exhaust her requisite administrative,

-2-

Case No. 34-2019-00266832-CU-OE-GDS

SMRH:4826-3918-1488.2                  DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF
DEENA MONROE'S FIRST AMENDED COMPLAINT FOR DAMAGES

1  internal, or contractual remedies available to her under the California Fair Employment and

2  Housing Act, California Labor Code, or any other provisions of law or contract, prior to

3  commencing this action.

4  **FOURTH AFFIRMATIVE DEFENSE**

5  (Claims Not Made in an Administrative Charge)

6      4.    To the extent that Plaintiff asserts claims in her Complaint that were not made the

7  subject of a timely complaint filed with the Department of Fair Employment and Housing

8  ("DFEH") as required by Government Code sections 12960, 12965 and 12945.2, the Court lacks

9  jurisdiction with respect to these claims.

10  **FIFTH AFFIRMATIVE DEFENSE**

11  (Lack of Authorization, Ratification, Acts Outside Scope of Employment)

12      5.    The Complaint, and each purported cause of action therein, is barred in whole or in

13  part because Defendant did not authorize, direct, or participate in any alleged wrongful conduct.

14  Any recovery on the Complaint, or any purported cause of action alleged therein, is barred in

15  whole or in part because Defendant did not aid, abet, or counsel or encourage the alleged act(s).  If

16  Defendant's employees or any of them committed the acts alleged in the Complaint, although such

17  is not admitted hereby or herein, such acts were committed outside the scope of their employment

18  and not by agents of Defendant, and thus, Defendant is not liable for such acts.

19  **SIXTH AFFIRMATIVE DEFENSE**

20  (Estoppel)

21      6.    The Complaint, and each purported cause of action therein, is barred in whole or in

22  part because Plaintiff, by her conduct, or as to each putative class members, by their conduct, is

23  estopped from recovery of any relief against Defendant.

24  **SEVENTH AFFIRMATIVE DEFENSE**

25  (Waiver)

26      7.    The Complaint, and each purported cause of action therein, is barred in whole or in

27  part because Plaintiff, and/or each member of the putative class, has waived any right to recover

28  any relief by the Complaint, or any purported cause of action alleged therein.

Case No. 34-2019-00266832-CU-OE-GDS

DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF
DEENA MONROE'S FIRST AMENDED COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

8.     The Complaint, and each purported cause of action therein, is barred in whole or in part by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Laches)

9.     The Complaint, and each purported cause of action therein, is barred in whole or in part by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

(Acquiescence / Consent)

10.     The Complaint, and each purported cause of action therein, is barred in whole or in part because Plaintiff, and/or each member of the putative class, ratified, acquiesced, or consented to the alleged conduct about which is now complained.

## ELEVENTH AFFIRMATIVE DEFENSE

(Justification)

11.     Any acts alleged to have been committed by Defendant were committed in the exercise of good faith, with probable cause, were not arbitrary or capricious, were based upon legitimate factors, and were reasonable and justified under the circumstances. At all times relevant, Defendant acted with legitimate purpose and without any improper motive, purpose or means, and without any hatred, ill will, malice, or intent to injure.

## TWELFTH AFFIRMATIVE DEFENSE

(After-Acquired Evidence)

12.     Defendant is informed and believes, and based thereon alleges, that Plaintiff is barred, or individual members of the putative class are barred, in part or in total, from recovery of any damages based upon the doctrine of after-acquired evidence.

//

//

//

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate/Avoidable Consequences)

13.    The Complaint, and each purported cause of action therein, is barred in whole or in part under the doctrine of avoidable consequences and/or because Plaintiff failed to take reasonable steps to mitigate her alleged damages.  If Defendant did subject Plaintiff to any wrongful or unlawful conduct resulting in any damages, although such is not admitted herein, Plaintiff had a duty to mitigate any damages, failed to do so, and, as such, Plaintiff's recovery is barred or must be reduced or offset accordingly.  *See State Dept. of Health Servs. V. Sup. Ct. (McGinnis)* (2003) 31 Cal. 4th 1026, 1043.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Failure to Take Advantage of Preventative / Corrective Opportunities)

14.    Defendant exercised reasonable care to prevent and to correct any unlawfully harassing, discriminatory, and/or retaliatory workplace conduct allegedly experienced by Plaintiff.  Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise, and thus Plaintiff's claims are barred.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Setoff, Offset, Recoupment)

15.    Defendant alleges that the Complaint and each cause of action set forth therein, or some of them, are subject to setoff, offset, recoupment.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

16.    Defendant alleges Plaintiff and/or the putative class members are not entitled to equitable relief insofar as they have adequate remedies at law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (At-Will Employment)

17.    The Complaint, and each purported cause of action alleged therein, is barred by California Labor Code section 2922.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Punitive/Exemplary Damages Unconstitutional – Excessive Fines)

18.     Plaintiff's claims for punitive and/or exemplary damages is unconstitutional because it violates the excessive fines clause of the Eighth Amendment to the Constitution of the United States and/or Section 17 of Article I of the Constitution of the State of California.

## NINETEENTH AFFIRMATIVE DEFENSE

(Punitive / Exemplary Damages – Decisions Contrary to Organizational Policies)

19.     Plaintiff may not recover punitive damages for alleged discriminatory or retaliatory decisions, if any, to the extent that those decisions are contrary to the written policies that Defendant instituted against wrongful conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

(Prejudgment Interest)

20.     Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Detrimental Reliance)

21.     Defendant alleges that Plaintiff is barred from recovering any relief on the Complaint or any purported cause of action alleged therein because Defendant relied on representations made by Plaintiff in taking actions alleged in the Complaint and/or Defendant took such actions, if any, because Plaintiff failed to notify Defendant of necessary information and/or deliberately prevented Defendant from acquiring knowledge of such information.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(Fault of Plaintiff/Third Parties)

22.     Any injury or damage allegedly suffered by Plaintiff and/or putative class members was caused or contributed to by the negligence, fault, bad faith, breach of contract or other wrongful or tortious conduct of Plaintiff and/or persons or entities other than Defendant, and such conduct offsets, eliminates or comparatively reduces the liability, if any, of Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Res Judicata, Bar and Merger, Settlement/Release)

23.     Defendant alleges that the causes of action set forth in the Complaint and in each of the purported causes of action alleged therein are subject to settlement/release agreements, and/or decisions of other class actions, which constitute a complete or partial bar to the present action, and/or are subject to the doctrine of res judicata.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Collateral Estoppel)

24.     The Complaint, and each and every purported cause of action alleged therein, is barred, in whole or in part by the doctrine of collateral estoppel.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Bona Fide Dispute)

25.     Defendant alleges there exists a *bona fide* dispute as to whether any further compensation and/or expenses are actually due to Plaintiff and/or the putative class members, or alleged aggrieved employees, and, if so, the amount thereof.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Labor Code § 203 – No Willful or Intentional Violation)

26.     Defendant alleges that, it has not willfully or intentionally failed to pay any such additional compensation to Plaintiff and/or the putative class members within the meaning and scope of California Labor Code section 203.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Labor Code § 226 – No Intentional Failure)

27.     Defendant alleges that, even assuming *arguendo* Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was not a "knowing and intentional failure" under California Labor Code section 226(e).

//

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Labor Code § 226 – Clerical Error/Inadvertent Mistake)

28.     Defendant alleges that, even assuming *arguendo* Plaintiff and/or the putative class members were not provided with a proper itemized statement of wages and deductions, Plaintiff and the putative class members, or other aggrieved employees, are not entitled to recover damages or penalties because Defendant's alleged failure to comply with California Labor Code section 226(a) was the result of a clerical error or inadvertent mistake.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

(Violation of Due Process)

29.     Defendant alleges that certification of a class as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.  Defendant further alleges that the penalties Plaintiff demands are excessive and violate Defendant's due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

(Unconstitutional Wage Order)

30.     Defendant alleges that the Complaint and each cause of action therein, or some of them, are barred because the applicable wage orders of the Industrial Welfare Commission are unconstitutionally vague and ambiguous and violate Defendant's rights under the United States Constitution and the California Constitution as to, among other things, due process of law.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

(Failure by Plaintiff to Follow Directions)

31.     Defendant alleges that it is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, that any failure to comply with Defendant's work-time recording polices and requirements, was the result of failure by Plaintiff and/or the putative class members to follow Defendant's reasonable instructions.

//

-8-                                   Case No. 34-2019-00266832-CU-OE-GDS

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Bad Faith)

32.     Defendant alleges that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims are unreasonable and/or were filed in bad faith and/or are frivolous and, for that reason, justify an award of attorneys' fees and costs against Plaintiff and her attorneys.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Breach of Duty)

33.     Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal and, on that basis, alleges Plaintiff's claims, and those of any putative class members, are barred by her or their own breach of the duties owed to Defendant under California Labor Code section 2854, 2856, 2857, 2858 and/or 2859.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Uncertainty)

34.     Defendant alleges that the complaint, and the claims asserted therein, are uncertain.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (*De Minimis* Activities)

35.     Defendant alleges that the complaint and each cause of action set forth therein, or some of them, cannot be maintained against Defendant because Defendant's acts or omissions, if any, and the alleged time involved and/or damages are *de minimis*.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory, Non-Retaliatory Reasons)

36.     The Complaint, and each purported cause of action therein, is barred in whole or in part because Defendant did not engage in the conduct attributed to it by Plaintiff.  However, if it is determined that the conduct alleged is legally attributable to Defendant, then Defendant alleges that the conduct was not unlawful inasmuch as the conduct was reasonably and properly based on legitimate business reasons and non-discriminatory and non-retaliatory factors.

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

37.     Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff lacks standing to assert each or any purported cause of action alleged in the Complaint and lacks standing to represent the putative class.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

(No Actual Injuries)

38.     Defendant alleges that the Complaint, and each cause of action contained therein, is barred, in whole or in part, because Plaintiff has not, and putative class members have not, suffered any actual injury by reason of any of Defendant's acts, conduct, or omissions as alleged in the Complaint.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

(No Private Right of Action)

39.     Defendant alleges that there is no private right of action to recover the penalties sought by Plaintiff and that Plaintiff has not complied with the procedural requirements for seeking any such penalties.

### FORTIETH AFFIRMATIVE DEFENSE

(Private Attorneys General Act - Unconstitutional)

40.     Defendant alleges that the Complaint and each cause of action are barred because the Private Attorneys General Act, Labor Code section 2699 et seq., (hereinafter, the "Private Attorney's General Act" or "PAGA") is unconstitutionally vague and overbroad as applied to the Complaint and circumstances of this case.  Defendant further alleges that prosecution of a representative action on behalf of similarly situated employees under Labor Code section 2698, *et seq.*, as applied to the Complaint and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment of the United States Constitution.   Further, the penalties sought in Plaintiff's Complaint violate the Due Process and Separation of Powers Clauses of the United States and

California Constitutions. *Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal. 4th 707; *Ratner v. Chemical Bank New York Trust Co.* (S.D.N.Y. 1972) 54 F.R.D. 412.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)

41.     Defendant alleges assessment of civil penalties would be unjust, arbitrary and oppressive, or confiscatory within the meaning of Labor Code section 2699(e)(2).

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (Failure to Provide Notification)

42.     Defendant alleges that Plaintiff failed to give sufficient written notice by online filing with the Labor and Workforce Development Agency and by certified mail to the employer of the specific provisions of the California Labor Code alleged to have been violated in this action, including the facts and theories to support the alleged violations, pursuant to the Labor Code Private Attorneys General Act, Labor Code section 2698 *et seq.,* and Plaintiff's claims are thus barred and/or limited by law.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Identify)

43.     Defendant alleges that Plaintiff has failed to identify any other allegedly aggrieved employees, as provided in the Labor Code Private Attorneys General Act, Labor Code section 2698 *et seq.*, and such claims are thus barred and/or limited by law.

## RESERVATION OF RIGHT TO AMEND ANSWER

Defendant hereby gives notice that it intends to rely on such other and further defenses as may become available during discovery in this action and reserve the right to amend the Answer to assert any such defenses.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Target Corporation prays for judgment as follows:

1.     That Plaintiff take nothing by reason of the Complaint;

2.     That Plaintiff's Complaint be dismissed in its entirety, with prejudice, in favor of Defendant;

1          3.      That Defendant be awarded its costs of suit and reasonable attorneys' fees to the

2   extent provided by law; and,

3          4.      That the Court order such other and further relief in favor of Defendant as the Court

4   deems just and proper.

5

6   Dated: January 6, 2020                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

7

8                                         By
                                                         SAMANTHA C. GRANT
9                                                        BABAK YOUSEFZADEH
                                                        VICTORIA L. TALLMAN
10

11                                                       Attorneys for Defendant
                                                         TARGET CORPORATION
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    -12-              Case No. 34-2019-00266832-CU-OE-GDS
    SMRH:4826-3918-1488.2                   DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF
                                            DEENA MONROE'S FIRST AMENDED COMPLAINT FOR DAMAGES

1

## PROOF OF SERVICE

2    At the time of service, I was over 18 years of age and not a party to this action. I
3    am employed in the County of San Francisco, State of California. My business address is
     Four Embarcadero Center, 17th Floor, San Francisco, CA 94111-4109.

4    On January 6, 2020, I served (a) true copy(ies) of the following document(s)
     described as **DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF**
5    **DEENA MONROE'S FIRST AMENDED COMPLAINT FOR DAMAGES** on the interested
     parties in this action as follows:

6

7    Scott Edward Cole, Esq.
     Laura Grace Van Note, Esq.
8    Andrew Weaver, Esq.
     SCOTT COLE & ASSOCIATES, APC
9    555 12th Street, Suite 1725
     Oakland, CA 94607
10   T: (510) 891-9800
     F: (510) 891-7030
11   E-mail:      scole@scalaw.com
                  lvannote@scalaw.com
12                aweaver@scalaw.com

13   *Attorneys for Plaintiff*

14

15   **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed
     to the persons at the addresses listed above and placed the envelope for collection and
16   mailing, following our ordinary business practices. I am readily familiar with the firm's
     practice for collecting and processing correspondence for mailing. On the same day that
17   correspondence is placed for collection and mailing, it is deposited in the ordinary course
     of business with the United States Postal Service, in a sealed envelope with postage fully
18   prepaid. I am a resident or employed in the county where the mailing occurred.

19

20   I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.

21

22   Executed on January 6, 2020, at San Francisco, California.

23

24

25                                              Sarah Smith

26

27

28

                                         -1-        Case No. 34-2019-00266832-CU-OE-GDS
SMRH:4826-3918-1488.2                                        PROOF OF SERVICE